ALETHEA McINTOSH, Respondent, *v.* CONTINENTAL TRAILWAYS, Appellant.

Third Department, February 21, 1974.

*George A. Roland* for appellant.

*Pemberton & Buchyn* (*James L. Pemberton* of counsel), for respondent.

HERLIHY, P. J. This is an appeal by the defendant from an order of the County Court, Schenectady County, entered October 5, 1973, which denied its motion to dismiss the complaint.

It is undisputed that on August 9, 1968 plaintiff checked her suitcase with the defendant's bus line and that when she claimed her baggage the defendant was unable to produce the same. Plaintiff filed a claim for her missing baggage and approximately a year later received a draft in the amount of $50 from the defendant. Sometime thereafter, the instant action was commenced to recover the sum of $2,000 for the missing baggage.

The defendant, in its answer to the complaint, pleaded that it had paid the plaintiff the sum of $50 which was accepted in full satisfaction of her loss. There was a further defense that the plaintiff " did not declare any excess value or any value for her baggage and did not pay any additional charges therefor ". In the affidavits and papers accompanying the motion to dismiss the complaint, the defendant's attorney alleged the admission of the plaintiff that she had received the said check of $50 and submitted an affidavit by an employee of defendant which certified that a certain Exhibit " B " was identical to the check

used in connection with the plaintiff and that a certain Exhibit "A" was a copy of the letter sent to the plaintiff and attached with her check of May 25, 1969. It states, in pertinent part: "Acceptance of this draft constitutes release from any further demand on account of the described claim". Furthermore, Exhibit "B" establishes that, on the back of the check and where the plaintiff would have had to have indorsed the check for payment, a further statement was made to the effect that the plaintiff's acceptance of the draft constituted a full and final release in regard to the lost baggage.

The plaintiff submitted no affidavits in response to the defendant's motion for dismissal of the complaint and upon this appeal the plaintiff asserts that such a partial payment of the full value of the loss would not be binding. However, the record establishes that the $50 check was offered in return for a complete release and that its acceptance and retention by the plaintiff constituted such an acceptance and release and, under such circumstances, the record discloses no basis for not enforcing such release.

The facts in the record establish that the plaintiff remained the real party in interest and, as to her, the release was binding. (See *Skinner* v. *Klein*, 24 A D 2d 433, 434.) It was also established that the defendant filed applicable tariffs in accordance with the law.

The order should be reversed, on the law and the facts, and the motion to dismiss the complaint granted, without costs.

STALEY, JR., COOKE, SWEENEY and KANE, JJ., concur.

Order reversed, on the law and the facts, and motion to dismiss complaint granted, without costs.