(September 14, 1998)

■ PATRICK F. BRODERICK, Respondent, v THEODORE COHEN et al., Appellants. [677 NYS2d 479] —In an action to recover fees for legal and other services rendered, the defendants appeal from an order of the Supreme Court, Queens County (LaTorella, J.), dated December 19, 1997, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court was incorrect in its determination that the defendants' motion for summary judgment was untimely. A 1996 amendment to CPLR 3212 (a), effective January 1, 1997

(*see,* L 1996, ch 492), requires that a motion for summary judgment be made within 120 days after the filing of the note of issue, although the court may shorten that period to as little as 30 days. At bar, the court's preliminary conference order dated November 8, 1996, provided that motions for summary judgment would not be entertained after 60 days following the conclusion of depositions. The last deposition in the action was conducted on July 15, 1997, and the defendants' motion, made approximately 50 days thereafter, was, thus, timely filed.

However, on the merits, we find that the defendants are not entitled to summary judgment. There is an issue of fact as to whether the release contained in the settlement agreement executed in the prior action for which the plaintiff contends he provided legal and other services was intended to cover the plaintiff's claims in this action (*see, National Sur. Corp. v Parisi & Son Constr. Co.,* 239 AD2d 396; *Structural Processing Corp. v Farboil Co.,* 234 AD2d 284; *Lefrak SBN Assocs. v Kennedy Galleries,* 203 AD2d 256; *Perritano v Town of Mamaroneck,* 126 AD2d 623).

The defendants' remaining contention is without merit. Rosenblatt, J. P., Ritter, Copertino and Florio, JJ., concur.