■ VICTOR S. GETTNER et al., Plaintiffs, v GETTY OIL COMPANY et al., Defendants and Third-Party Plaintiffs-Respondents. HARRIS KALISH et al., Third-Party Defendants-Appellants. [641 NYS2d 73] —In an action, *inter alia,* to recover damages for the contamination of property due to the discharge of petroleum products in violation of Navigation Law article 12, the third-party defendants appeal from an order of the Supreme Court, Westchester County (Silverman, J.), entered May 5, 1995, which denied their motion for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed, with costs.

During a period of approximately thirteen years from 1979 to 1992, the appellants operated a gasoline service station in New York County pursuant to various sublease and franchise agreements with the respondents. In December 1991, the respondent Getty Petroleum Corporation commenced a summary proceeding in Civil Court to evict the appellants for nonpayment of rent. On February 4, 1992, the nonpayment proceeding was settled by a handwritten stipulation of settlement which required the appellants to vacate the premises by February 29, 1992, and to pay Getty Petroleum Corporation over $100,000 in back rent. In the stipulation, the parties agreed to mutually release each other from "any claim or cause of action", but acknowledged that except for the terms of the stipulation, "neither party has any claims against the other". Over two years later, the plaintiffs, who own the service station property, commenced this action against Getty Petroleum Corporation and its predecessors in interest, alleging that petroleum which leaked from Getty's underground storage tanks contaminated their land. Getty Petroleum Corporation and its codefendants in turn instituted a third-party action against the appellants and the appellants moved for summary judgment contending that the stipulation executed in the nonpayment proceeding released them from all claims arising during their occupancy of the premises.

Contrary to the appellants' contention, the Supreme Court properly denied their motion for summary judgment. While a release is a "jural act of high significance" which may not be treated lightly (*Mangini v McClurg,* 24 NY2d 556, 563; *see also, Liling v Segal,* 220 AD2d 724; *L & K Holding Corp. v Tropical Aquarium,* 192 AD2d 643), it is equally well settled that the meaning and coverage of a release depends on the controversy being settled, and that a "release may not be read to cover matters which the parties did not desire or intend to dispose of " (*Cahill v Regan,* 5 NY2d 292, 299; *Blank v Blank,* 222 AD2d 851; *Lefrak SBN Assocs. v Kennedy Galleries,* 203 AD2d 256). At bar, it is undisputed that the respondents and the appellants were unaware of the property damage caused by petroleum leakage at the time they settled the summary nonpayment proceeding and, indeed, at the end of the release paragraph of the stipulation, they acknowledged that they had no other claims against each other. Viewed in its entirety, it is clear that the release was intended only to settle matters related to the nonpayment proceeding and was not intended to release the appellants from potential liability for environmen-

tal damage to the property. Under these circumstances, the Supreme Court properly concluded that the stipulation of settlement did not release the appellants from the claims asserted in the third-party complaint. Balletta, J. P., Santucci, Krausman and Florio, JJ., concur.