■ CATHERINE OVEREEM, Appellant, v SOL D. NEUHOFF, Respondent. COMPAGNIE EUROPEENNE D'ASSURANCES INDUSTRIELLES, S. A., Nonparty Respondent. [722 NYS2d 580] ——In an action, *inter alia,* to recover damages for medical malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Levine, J.), entered April 19, 2000, as granted those branches of the separate motions of the defendant, Sol D. Neuhoff, and the nonparty, Compagnie Europeenne D'Assurances Industrielles, S. A., which were, in effect, to recalculate a judgment of the same court, entered March 1, 2000, to the extent of directing that the interest on the sum of $14,601.53, the unpaid balance of the amount of the settlement, is payable beginning December 7, 1999, and directing that no costs are awarded to her.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, by deleting the provisions thereof (1) directing that the interest on the sum of $14,601.53 is payable from December 7, 1999, and substituting therefor a provision that such interest is payable from January 8, 1999, the date of settlement of the action, and (2) providing that no costs are awarded to the plaintiff; and it is further,

Ordered that the matter is remitted to the Supreme Court, Kings County, for further proceedings to determine the amount of costs due to the plaintiff.

The plaintiff commenced a medical malpractice action against the defendant, Dr. Sol D. Neuhoff, which was settled for $400,000. On January 8, 1999, in open court, the parties stipulated that Dr. Neuhoff would pay $150,000 on February 8, 1999, and $250,000 on or before December 7, 1999. The parties

also stipulated that in the event payment was not timely made, the plaintiff could enter judgment for the unpaid amount pursuant to CPLR 3215, and would be entitled to interest from the date of the settlement, January 8, 1999, as well as costs in the Supreme Court and the Appellate Division. On February 5, 1999, the plaintiff was paid $350,960.90, and on February 11, 1999, the plaintiff was paid an additional $34,437.57. In early January 2000, the plaintiff's attorney contacted Dr. Neuhoff's attorney, and advised him that the remaining balance of $14,601.53 had not been paid by December 7, 1999. Subsequently, on January 12, 2000, a check in that amount was sent to the plaintiff's attorney. However, because the envelope containing the check was misaddressed, the plaintiff did not receive it. Thereafter, on March 1, 2000, the plaintiff entered a judgment for the outstanding amount, plus interest from January 6, 1999, the purported date of the settlement of the action, and costs and disbursements.

Dr. Neuhoff and nonparty Compagnie Europeenne D'Assurances Industrielles, S. A., the insurer responsible for paying the $14,601.53 on behalf of Dr. Neuhoff, separately moved, *inter alia*, in effect, to recalculate the judgment. The movants argued that since the payment of $14,601.53 was tendered only 36 days late, the plaintiff should only receive interest on that amount from December 7, 1999, and should not receive costs. The Supreme Court agreed with the movants. We reverse.

The law is well settled that stipulations of settlement are favored by the courts (*see, Daniel v Daniel,* 224 AD2d 573). Moreover, "[a] stipulation of settlement entered into in open court constitutes a binding contract which must be strictly enforced" (*Cobrin v DeLuna,* 143 AD2d 723, 725). Here, the parties' stipulation of settlement, which was entered into in open court, provided that, in the event the remaining $250,000 of the settlement was not paid before December 7, 1999, the plaintiff could enter a judgment for the unpaid amount, including interest from the date of settlement and costs in both the Supreme Court and the Appellate Division. At the time the plaintiff entered a judgment in her favor, $14,601.53 had not yet been paid. Thus, in accordance with the parties' stipulation of settlement, the plaintiff is entitled to costs and interest from the date of the settlement as well. Therefore, the matter is remitted to the Supreme Court, Kings County, for further proceedings to determine the amount of the costs due to the plaintiff. Santucci, J. P., S. Miller, McGinity and Smith, JJ., concur.