■ JOHN J. FERRANTE, Appellant-Respondent, v GREGORY C. WOLD et al., Respondents-Appellants. [828 NYS2d 455]—

In an action to recover damages for personal injuries, (1) the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated November 18, 2004, as denied that branch of his motion which was to retain the sum of $25,000, representing the sum paid by Allstate Insurance Company to him in connection with a claim for uninsured motorist benefits pursuant to a receipt, release, and trust agreement between him and Allstate Insurance Company, (2) the defendants appeal from a judgment of the same court dated January 10, 2005, which, upon the defendants' alleged failure to comply with a stipulation of settlement of the action dated November 22, 2004, is in favor of the plaintiff and against them in the principal sum of $75,000, and (3) the defendants appeal, as limited by their brief, from so much of an order of the same court dated April 21, 2005 as granted that branch of the plaintiff's motion which was to enforce the stipu-

lation of settlement agreeing to settle the action for the sum of $75,000.

Ordered that the appeal from the order dated November 18, 2004 is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the order dated April 21, 2005 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the order dated November 18, 2004 must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order dated November 18, 2004 are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On July 20, 1999 a motor vehicle owned and operated by the plaintiff was involved in an accident with a vehicle owned by the defendant Tri State Service Co. (hereinafter Tri State) and operated by the defendant Gregory C. Wold. Tri State's insurer, Reliance Insurance Company, was insolvent, and therefore the plaintiff's claim was administered by the New Jersey Property-Liability Insurance Guaranty Association (hereinafter the NJPLIGA), in accordance with the New Jersey Property Liability Insurance Guaranty Association Act (hereinafter the Act) (*see* NJ Stat Ann 17:30A-1—17:30A-20). Pursuant to NJ Stat Ann 17:30A-12, the plaintiff was required to exhaust his rights under any insurance policy, including uninsured motorist coverage, before he could file a claim against the NJPLIGA. Under former NJ Stat Ann 17:30A-12 (b), the amount payable under a covered claim "shall be reduced by the amount of recovery under any such insurance policy."

The plaintiff sought uninsured motorist benefits from his insurer, Allstate Insurance Company (hereinafter Allstate), and received payment in the sum of $25,000 as payment for his uninsured motorist claim. However, as consideration for the payment of $25,000, the plaintiff executed a "receipt, release, and trust agreement" (hereinafter the agreement) with Allstate stating, inter alia, that such amount was to be "held in trust" by the plaintiff and repaid to Allstate if the plaintiff recovered for his loss "as the result of judgment, settlement, or otherwise." Pursuant to a so-ordered stipulation of settlement dated November 22, 2004 (hereinafter the stipulation), the plaintiff settled the action for the sum of $75,000. Pursuant to the stipulation, the action was "settled for the sum of $75,000" and "the

settlement [was] subject to" the provisions of the Act. Subsequently, the Supreme Court entered judgment in favor of the plaintiff in the principal sum of $75,000, upon the stipulation, and upon the defendants' failure to pay.

"Where the terms of an agreement are clear and unambiguous, the agreement should be enforced according to the plain meaning of its terms without the need to examine extrinsic evidence to determine the parties' intent" (*Royal Sun Alliance Ins. Co. v Travelers Ins. Co.*, 15 AD3d 563 [2005]; *see Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). Pursuant to the express terms of the agreement, the sum of $25,000 paid by Allstate for uninsured motorist benefits was to be held in trust for Allstate's benefit and repaid to Allstate in the event that the plaintiff settled or obtained a judgment in his favor in the action. Contrary to the defendants' contention, enforcing the agreement does not permit Allstate to bypass the nonsubrogation provisions of former NJ Stat Ann 17:30A-5 (d), as Allstate sought recovery from the plaintiff pursuant to the agreement, not from the NJPLIGA. Since judgment in the action was entered in the sum of $75,000 in the plaintiff's favor, Allstate is entitled to be repaid the sum of $25,000 held in trust for its benefit by the plaintiff. Thus, the Supreme Court properly denied that branch of the plaintiff's motion which was to retain the sum of $25,000.

A stipulation of settlement entered into in open court constitutes a binding contract which must be strictly enforced (*see Aivaliotis v Continental Broker-Dealer Corp.*, 30 AD3d 446 [2006]; *Overeem v Neuhoff*, 281 AD2d 606 [2001]; *Cobrin v DeLuna*, 143 AD2d 723 [1988]; *Furgang v Epstein*, 106 AD2d 609 [1984]). Here, pursuant to the express terms of the stipulation, the parties agreed to settle the action for the sum of $75,000. The fact that the settlement was subject to the Act did not alter the settlement amount. Pursuant to former NJ Stat Ann 17:30A-12 (b), the plaintiff's recovery from the NJPLIGA was only subject to offset "by the amount of recovery" under his Allstate policy. Since there was no recovery for the plaintiff's benefit under the Allstate policy, the settlement amount was not subject to any offset. Thus, the Supreme Court also properly entered judgment in the sum of $75,000 in favor of the plaintiff.

The defendants' remaining contentions are without merit. Rivera, J.P., Spolzino, Goldstein and Skelos, JJ., concur.