■ DEBORAH TRAMA, Appellant, v EUGENE & SHIRLEY DRACH REALTY CORPORATION et al., Defendants, and YK REALTY, INC., Respondent. [829 NYS2d 597]—

In an action for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated March 14, 2006, which granted the motion of the defendant YK Realty, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action for specific performance of a contract for the sale of real property. Prior to the commencement of the action, the plaintiff had been a respondent in a summary holdover proceeding brought by the defendant YK Realty, Inc. (hereinafter YK Realty), in the Civil Court, Kings County. The real property which is the subject of the instant action for specific performance was also the subject of the summary holdover proceeding. In the summary holdover proceeding, the plaintiff executed a stipulation of settlement (hereinafter the stipulation) in which YK Realty was awarded a judgment of possession. The stipulation was so-ordered by the Civil Court. Contained within the stipulation was a provision stating that the "[r]espondents release all current owners and agents from all claims in all venues." Approximately three months after entering into the stipulation, the plaintiff commenced this action for specific performance in Supreme Court, Kings County, arising out of a purported contract of sale from 2001 whereby the defendant Eugene & Shirley Drach Realty Corporation agreed to sell the real property to the plaintiff. YK

Realty moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that the plaintiff was barred by the release contained in the stipulation from maintaining the action for specific performance. The Supreme Court granted the motion. We affirm.

Stipulations of settlement, especially those made in open court, are favored by the courts and will not be lightly cast aside (*see Hallock v State of New York*, 64 NY2d 224 [1984]). "Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (*id.*, at 230). The coverage of a release depends upon the controversy being settled and may not be read to cover matters which the parties did not desire or intend to dispose of (*see Cahill v Regan*, 5 NY2d 292, 299 [1959]; *Gettner v Getty Oil Co.*, 226 AD2d 502, 503-504 [1996]). If the recitals in the release appear to limit the release to only particular claims, demands or obligations, the release will operate solely as to those matters (*see Kaminsky v Gamache*, 298 AD2d 361 [2002]; *Perritano v Town of Mamaroneck*, 126 AD2d 623, 624 [1987]).

Here, the release contained within the stipulation was voluntarily entered into by the parties, it was unambiguous on its face, and its coverage was not limited to particular claims, demands, or obligations. Moreover, the plaintiff was fully aware at the time she executed the stipulation that she had been a signatory years earlier to a contract of sale involving the same real property that was the subject of the Civil Court proceeding (*cf. Gettner v Getty Oil Co., supra*). Nonetheless, she executed the stipulation acknowledging that YK Realty was the owner of the property entitled to possession and she released YK Realty from all claims in all venues.

Viewed in its entirety, it is clear that the release was unlimited and intended to cover all matters involving the parties and the subject property and to release YK Realty from all current and potential liability with respect thereto. Accordingly, the Supreme Court properly granted YK Realty's motion for summary judgment dismissing the complaint insofar as asserted against it.

The plaintiff's remaining contentions are without merit. Miller, J.P., Florio, Dillon and Angiolillo, JJ., concur.