■ ALAN CHERNOW, Respondent, v HEMAN CHERNOW, Appellant. [833 NYS2d 660]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated October 3, 2005, as denied his motion for leave to amend his answer to assert various counterclaims and granted that branch of the plaintiff's renewed motion which was for summary judgment on the first cause of action for specific performance.

Ordered that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof granting that branch of the plaintiff's renewed motion which was for summary judgment on the first cause of action for specific performance and substituting therefor a provision denying that branch of the renewed motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant and, upon searching the record, the defendant is awarded summary judgment dismissing the first cause of action for specific performance.

In August 2003 the defendant seller and the plaintiff purchaser, who are father and son respectively, entered into a residential contract of sale (hereinafter the contract). The contract contained a mortgage contingency clause which provided the plaintiff with an option to cancel the contract in the event that he did not obtain a mortgage commitment from an institutional lender for the purchase price of $178,000 or "such lesser sum as Purchaser shall be willing to accept" on or before August 20, 2003.

The defendant claimed that he orally notified the plaintiff in October 2003 that the contract was cancelled on the ground that the plaintiff failed to obtain a mortgage commitment and was unable to proceed to closing on the law day or a reasonable

time thereafter. However, the contract required that all notices be in writing. Therefore the purported cancellation was ineffective.

On or about January 22, 2004 the plaintiff notified the defendant that he was ready, willing, and able to proceed to closing. By letter dated February 11, 2004, the defendant notified the plaintiff that it was his position that the contract was cancelled.

On or about February 20, 2004 the plaintiff commenced the instant action, inter alia, for specific performance of the contract. The complaint failed to allege that the plaintiff was ready, willing, and able to proceed with the closing. After issue was joined, the plaintiff moved, inter alia, for summary judgment on the first cause of action for specific performance of the contract and the defendant cross-moved for summary judgment dismissing the complaint. By order dated October 19, 2004, the Supreme Court held that the plaintiff failed to establish, prima facie, that he was ready, willing, and able to perform his obligations under the contract. Thus, the Supreme Court denied that branch of the plaintiff's motion which was for summary judgment on the first cause of action for specific performance "with leave to renew upon proper papers which shall include documentary evidence that plaintiff had obtained a mortgage commitment prior to the commencement of this action." The Supreme Court denied the defendant's cross motion for summary judgment dismissing the complaint.

Nearly eight months later, the defendant moved for leave to amend his answer to assert various counterclaims. The plaintiff submitted a renewed motion, inter alia, for summary judgment on the first cause of action for specific performance of the contract. In support of his renewed motion, the plaintiff submitted a copy of a purported mortgage commitment in the sum of $142,400 which was not signed by any representative of the lender. The plaintiff also submitted an affidavit from the managing director of the Brooklyn office of the lender, stating that the lender had been ready, willing, and able to finance the sale to the extent of providing the sum of $142,000. The plaintiff further submitted an affidavit from his companion stating that she provided the defendant with the sum of $10,000 in 1999 toward the purchase of the house and that she was willing to provide the plaintiff with up to $42,000 in additional funds.

In opposition to the plaintiff's renewed motion, the defendant noted, inter alia, that the plaintiff first provided a copy of the mortgage commitment about eight months after the Supreme Court denied the plaintiff's original motion for summary judgment with leave to renew. The defendant also noted that the

mortgage commitment was not signed by any representative of the institutional lender, there was no evidence that the mortgage commitment was accepted in accordance with its terms, and the allegation that the plaintiff's companion paid the sum of $10,000 toward the purchase of the premises was completely unsubstantiated.

By order dated October 3, 2005, the Supreme Court granted that branch of the plaintiff's renewed motion which was for summary judgment on the first cause of action for specific performance of the contract. The plaintiff's remaining causes of action were dismissed. In addition, the Supreme Court denied the defendant's motion for leave to amend his answer to assert various counterclaims on the ground that there was "no excuse for his inordinate delay in moving to amend." The defendant appeals from so much of the order as denied his motion for leave to amend his answer and granted that branch of the plaintiff's renewed motion which was for summary judgment on the first cause of action for specific performance. We modify by, upon searching the record, awarding the defendant summary judgment dismissing the plaintiff's first cause of action for specific performance.

Based on the defendant's "inordinate delay" in moving for leave to amend his answer, the Supreme Court properly denied his motion (see *Koeth v Koeth*, 309 AD2d 786, 788 [2003]; *Haller v Lopane*, 305 AD2d 370 [2003]; *Fulford v Baker Perkins, Inc.*, 100 AD2d 861 [1984]).

Nonetheless, the plaintiff's proof was insufficient to establish his entitlement to judgment as a matter of law. The purported mortgage commitment was not signed by a representative of the institutional lender and there was no evidence that it was accepted in accordance with its terms. The plaintiff's belated allegation that his companion had provided the sum of $10,000 toward the purchase in 1999 was not supported by any documentary evidence. In sum, the evidence failed to demonstrate that the plaintiff was ready, willing, and able to close. Accordingly, we search the record and award summary judgment to the defendant dismissing the first cause of action for specific performance of the contract. Crane, J.P., Rivera, Goldstein and Dickerson, JJ., concur.