■ ALAN CHERNOW, Respondent, v HEMAN CHERNOW, Appellant. [857 NYS2d 721]—

In an action, inter alia, for specific performance of a stipulation of settlement, the defendant appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated September 24, 2007, as denied that branch of his motion which was for summary judgment dismissing the complaint, and (2) an order of the same court dated October 15, 2007, which granted the plaintiff's motion for leave to reargue and, upon reargument, vacated so much of the order dated September 24, 2007, as granted that branch of the defendant's motion which was to cancel a notice of pendency filed on April 26, 2007, and thereupon denied that branch of the defendant's motion and reinstated the notice of pendency nunc pro tunc.

Ordered that the order dated September 24, 2007, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated October 15, 2007, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff commenced a prior action, inter alia, to compel specific performance of a contract with the defendant for the sale of certain real property. Upon a motion by the plaintiff for summary judgment, the Supreme Court granted such relief. While the defendant's appeal of that determination was pending, the parties entered into an open court stipulation of settlement which provided for a sale of the property pursuant to the terms of the contract with a time-of-the-essence closing at the office of a court-appointed referee on April 26, 2007. This Court was not notified of the settlement, and our determination reversing the grant of summary judgment to the plaintiff and dismissing his cause of action for specific performance for failure to demonstrate that he was ready, willing, and able to close, was issued prior to the scheduled closing date (*see Chernow v Chernow*, 39 AD3d 684 [2007]). Upon learning of our determination, the defendant refused to attend the closing.

The plaintiff commenced this action, inter alia, to compel specific performance of the stipulation of settlement. The defen-

dant moved for summary judgment dismissing the complaint and to cancel the plaintiff's notice of pendency. In an order dated September 24, 2007, the court denied that branch of the defendant's motion which was for summary judgment dismissing the complaint, but granted that branch of the motion which was to cancel the notice of pendency filed by the plaintiff. The plaintiff moved for leave to reargue that branch of the defendant's motion which was to cancel the notice of pendency. In an order dated October 15, 2007, the court granted the plaintiff's motion for leave to reargue and, upon reargument, inter alia, denied that branch of the defendant's motion which was to cancel the notice of pendency and reinstated the notice of pendency nunc pro tunc. The defendant appeals.

The Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the complaint. A stipulation of settlement entered into in open court constitutes a binding, independent contract between the parties which must be strictly enforced (*see Ferrante v Wold,* 36 AD3d 585, 587 [2007]; *Ross v Clyde Beatty-Cole Bros. Circus,* 26 AD3d 321, 322 [2006]). Open-court stipulations of settlement are judicially favored and will not lightly be set aside (*see Hallock v State of New York,* 64 NY2d 224, 230 [1984]; *Trama v Eugene & Shirley Drach Realty Corp.,* 37 AD3d 454, 455 [2007]). "Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (*Hallock v State of New York,* 64 NY2d at 230; *see Trakansook v Kerry,* 45 AD3d 673 [2007]; *Jablonski v Jablonski,* 275 AD2d 692, 693 [2000]). Here, in support of that branch of his motion which was for summary judgment dismissing the complaint, the defendant failed to demonstrate, prima facie, that there existed cause sufficient to invalidate the stipulation of settlement. Contrary to the defendant's contention, the stipulation of settlement was not contingent in any way upon the timing or outcome of the appeal in *Chernow v Chernow* (39 AD3d 684 [2007]).

Moreover, the Supreme Court properly granted the plaintiff's motion for leave to reargue and, upon reargument, denied that branch of the defendant' s motion which was to cancel the plaintiff's notice of pendency (*see Matter of Sakow,* 97 NY2d 436 [2002]).

The defendant's remaining contentions are without merit. Ritter, J.P., Covello, Angiolillo and McCarthy, JJ., concur.