■ RALPH PERRITANO, Respondent, v TOWN OF MAMARONECK et al., Appellants.—In an action to recover compensation allegedly due and owing under a collective bargaining agreement, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Beisner, J.), dated September 13, 1985, as denied their motion to dismiss the complaint on the ground that the action was barred by a general release, and granted the plaintiff's cross motion to dismiss that defense.

Ordered that the order is modified, by deleting the provision thereof which granted the plaintiff's cross motion and substituting therefor a provision denying the cross motion. As so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the defendants' contentions, the record supports the conclusion that the general release relied upon as a complete defense to the action may not have been intended to embrace the underlying contract claims raised by the plaintiff

herein. It has been observed that "if from the recitals therein or otherwise, it appears that the release is to be limited to only particular claims, demands, or obligations, the instrument will be operative as to those matters alone and will not release other claims, demands or obligations" (49 NY Jur, Release and Discharge, § 33, at 405; *cf. Mangini v McClurg,* 24 NY2d 556, 562; *DeCosta v Williams,* 119 Misc 2d 314). At bar, it is undisputed that the release involved was executed within the context of a prior unrelated defamation suit in which various parties, including the defendants herein, had been named as parties to the release. In light of the foregoing, Special Term's holding denying the motion to dismiss the complaint was correct; however, it was premature to determine the validity of the defense of general release, since the papers raise an issue of fact as to the parties' intent with respect to the scope of the release. Mollen, P. J., Bracken, Lawrence, Kooper and Sullivan, JJ., concur.