■ LEFRAK SBN ASSOCIATES, Respondent, v KENNEDY GALLERIES, INC., Appellant. [609 NYS2d 651] —In an action by a commercial landlord to recover unpaid additional rent, the defendant appeals (1) as limited by its brief, from so much of an order of the Supreme Court, Queens County (Lane, J.), entered August 26, 1991, as denied its motion for summary judgment, and (2) from a judgment of the same court (Price, J.), entered November 16, 1992, which, after a nonjury trial, is in favor of the plaintiff and against it in the principal sum of $109,260.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed, and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the

order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The parties were previously involved in litigation concerning construction costs. On December 19, 1990, the parties attended a settlement conference and thereafter agreed to settle the case for $12,500. The plaintiff executed a general release dated January 17, 1991, to the defendant in exchange for a check for $12,500. Meanwhile, the landlord had furnished the tenant with a statement dated December 24, 1990, for the operating expenses for the fiscal year ending June 30, 1990. In a letter dated February 7, 1991, the tenant notified the landlord that it would not pay the operating expenses because the release barred the landlord from pursuing any claims arising before the date of the release.

Contrary to the defendant's contentions, the record supports the conclusion that the general release relied upon as a complete defense to the action was not intended to cover the claim raised by the plaintiff herein. The meaning and coverage of a general release depends on the controversy being settled and upon the purpose for which the release was actually given (see, Cahill v Regan, 5 NY2d 292, 299). A release may not be read to cover matters which the parties did not desire or intend to dispose of (see, Cahill v Regan, supra; see also, Perritano v Town of Mamaroneck, 126 AD2d 623, 624). Since it is clear in this case that the parties did not intend the release to cover a claim for operating expenses, we find that the trial court's holding dismissing the affirmative defense of release was correct.

Moreover, we find that the defendant waived its right to arbitrate this dispute by proceeding to litigation. Bracken, J. P., Sullivan, Miller and Lawrence, JJ., concur.