■ J. MAXWELL ENOCK, Appellant, v NATIONAL WESTMINSTER BANKCORP, INC., et al., Respondents. [641 NYS2d 27] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered April 20, 1995, which granted defendants' motion to dismiss based on a general release, and order, same court and Justice, entered June 12, 1995, which granted plaintiff's motion to reargue, but adhered to the April 20, 1995 order, reversed, on the law, and the complaint reinstated, with costs.

The IAS Court erred in dismissing the complaint. "The

meaning and coverage of a general release depends on the controversy being settled and upon the purpose for which the release was actually given * * * A release may not be read to cover matters which the parties did not desire or intend to dispose of" (*Lefrak SBN Assocs. v Kennedy Galleries*, 203 AD2d 256, 257, citing *Cahill v Regan*, 5 NY2d 292, 299). In *Simon v Simon* (274 App Div 447), we held that in the absence of a showing that a specified matter was in dispute at the time a general release was given, the release cannot be held to bar the releasor's rights as to such matter.

The allegations contained in the complaint and affidavits submitted in opposition to the motion to dismiss, i.e., that the signing bonus was not in dispute and the general release was not intended by the parties to affect plaintiff's vested entitlement to his signing bonus, are deemed true for purposes of determining the motion (*Morone v Morone*, 50 NY2d 481, 484). Defendants failed to establish that the release was intended to bar recovery of the signing bonus; thus denial of the motion is required (*Perritano v Town of Mamaroneck*, 126 AD2d 623, 624; *Kemp v Perales*, 199 AD2d 320, 321-322; *see also, Fleming v Ponziani*, 24 NY2d 105, 110; *Mangini v McClurg*, 24 NY2d 556, 563). Concur—Milonas, J. P., Wallach, Ross and Williams, JJ.

Kupferman, J., dissents and would affirm for the reasons stated by Schoenfeld, J.