■ ROBERT DILLON et al., Appellants, v HOWARD DEAN et al., Respondents. [653 NYS2d 639] —In an action, *inter alia*, to set aside a conveyance of real property as fraudulent and to impose punitive damages, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated February 14, 1996, as denied that branch of their motion which was for summary judgment on the first cause of action in the verified complaint and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs; that branch of the plaintiffs' motion which was for summary judgment on the first cause of action in the verified complaint is granted, and the defendants' cross motion is denied.

The Supreme Court found that the instant action was barred by the general release signed by the plaintiffs releasing the defendant Howard Dean from all actions and claims to the date of the release. The release post-dated the conveyance of real property in question here. However, the meaning and coverage of a general release necessarily depends upon the controversy being settled and upon the purpose for which the release was given. A release may not be read to cover matters which the parties did not intend to cover (*see, Cahill v Regan*, 5 NY2d 292, 299; *LeFrak SNB Assocs. v Kennedy Galleries*, 203 AD2d 256, 257; *Jochnowitz v Russell Sage Coll.*, 136 AD2d 822, 823). Furthermore, the release was executed at substantially the same time as a stipulation of settlement covering the same subject matter. Thus, the documents must be read together (*see, Nau v Vulcan Rail & Constr. Co.*, 286 NY 188, 197).

Here, the stipulation expressly states that the claims being settled were for legal malpractice and makes no mention of the fraudulent conveyance action. Additionally, the stipulation and release expressly excluded from the settlement several other causes of action including a cause of action seeking a constructive trust on the property in question here. The essence of that action was that the defendant Howard Dean had wrongly acquired the property which rightfully belonged to the plaintiffs. Therefore, the plaintiffs could not have intended to allow the defendant Howard Dean to escape judgment in

that action by his transfer of the very property in question to a corporation of which he is admittedly the sole shareholder, officer, and director.

Additionally, although the existence of actual intent to "hinder, delay or defraud", within the meaning of Debtor and Creditor Law § 276 is ordinarily a question of fact which cannot be resolved on a motion for summary judgment (*see, Furlong v Storch*, 132 AD2d 866, 867; *Farmers Prod. Credit Assn. v Taub*, 121 AD2d 681), under the circumstances of this case, the record is clear and convincing that the act of the defendant Howard Dean of transferring this property, at a time when an action was pending contesting the propriety of his ownership of that property, to a corporation solely owned by him, was done with the intent to "hinder, delay or defraud". Thus, there being no other contested issues of fact, the plaintiffs are entitled to summary judgment on the first cause of action in the verified complaint. Rosenblatt, J. P., Joy, Florio and McGinity, JJ., concur.