■ Florence M. Moylett et al., Respondents, v Paschlis Zioulis et al., Appellants. [658 NYS2d 893] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (Dye, J.), dated April 29, 1996, which granted the plaintiffs' motion for partial summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

It is well settled that a rear-end collision into an automobile stopped for a red light creates a prima facie case of negligence with respect to the operator of the moving vehicle and imposes a duty of explanation on the operator of the moving vehicle (see, Pfaffenbach v White Plains Express Corp., 17 NY2d 132, 135; Leal v Wolff, 224 AD2d 392; Gambino v City of New York, 205 AD2d 583). Since the defendants failed to come forward with evidentiary facts sufficient to raise a triable issue of fact regarding a defense or as to any negligent conduct on the part of the plaintiffs (see, Carter v Castle Elec. Constr. Co., 26 AD2d 83, 85), the Supreme Court properly granted partial summary judgment on the issue of liability to the plaintiffs.

The defendants' remaining contentions are without merit. Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.

■ National Surety Corporation, Respondent, v M. Parisi & Son Construction Company, Inc., Appellant. [658 NYS2d 895] —In an action to recover insurance premiums allegedly owed, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated March 15, 1996, as denied that branch of its motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly concluded that there is an issue of fact as to whether the general release executed in conjunction with the settlement of a prior action was intended to cover the subject matter of this action (see, Structural Processing Corp. v Farboil Co., 234 AD2d 284; Lefrak SBN Assocs. v Kennedy Galleries, 203 AD2d 256; Perritano v Town of Mamaroneck, 126 AD2d 623). Miller, J. P., Altman, Goldstein and Florio, JJ., concur.