■ ARNOLD C. GRAB, Respondent, v JEWISH ASSOCIATION FOR SERVICES FOR AGING et al., Appellants, et al., Defendant. [679

NYS2d 313] —In an action to recover damages for personal injuries, the defendants Jewish Association for Services for Aging and Seagirt Housing Development Fund Corporation appeal from so much of an order of the Supreme Court, Queens County (Posner, J.), dated October 24, 1997, as denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The meaning and coverage of a general release depends on the controversy being settled and the purpose for which the release was actually given, and a release may not be read to cover matters which the parties did not intend or desire to dispose of (see, Cahill v Regan, 5 NY2d 292, 299; Structural Processing Corp. v Farboil Co., 234 AD2d 284; Lefrak SBN Assocs. v Kennedy Galleries, 203 AD2d 256). Here, the Supreme Court correctly determined that there was an issue of fact as to whether the release in question was intended to include the plaintiff's personal injury claim against the appellants (see, Best v Yutaka, 90 NY2d 833; National Sur. Corp. v Parisi & Son Constr. Co., 239 AD2d 396; Perritano v Town of Mamaroneck, 126 AD2d 623). Bracken, J. P., Miller, O'Brien and Santucci, JJ., concur.