■ B.B. & S. Treated Lumber Co., Appellant, v Groundwater Technology, Inc., et al., Respondents. [681 NYS2d 608] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals (1), as limited by its brief, from so much of a judgment of the Supreme Court, Suffolk County (Gowan, J.),

entered August 11, 1997, as, upon an order of the same court dated May 8, 1997, granting the defendants' motion for partial summary judgment dismissing the second and third causes of action asserted in the complaint which sought to recover damages for negligence, dismissed the second cause of action, and (2) from a judgment of the same court, also entered August 11, 1997, which, upon the granting of the defendants' motion pursuant to CPLR 4401 for judgment in their favor as a matter of law made during the course of the trial, dismissed the first and fourth causes of action asserted in the complaint.

Ordered that the judgment which dismissed the second and third causes of action asserted in the complaint is affirmed insofar as appealed from; and it is further,

Ordered that the judgment which dismissed the first and fourth causes of action asserted in the complaint is modified by deleting therefrom the provision dismissing the first cause of action which was to recover damages for breach of contract and substituting therefor a provision severing that cause of action; as so modified, the judgment is affirmed, and a new trial is granted on the first cause of action only; and it is further,

Ordered that plaintiff is awarded one bill of costs.

The defendants were hired as consultants to evaluate the extent of toxic contamination on the plaintiff's site and to make recommendations concerning remediation measures that might be taken. Allegedly, the recommendations made by the defendants pursuant to the contract proved ineffective, and the plaintiff was damaged thereby. The plaintiff commenced the instant action to recover damages for breach of contract, negligence, negligent breach of contract, and professional malpractice/negligence.

The Supreme Court thereafter granted the defendants' motion for summary judgment dismissing the second and third causes of action asserted in the complaint. On the appeal from the judgment entered on that order, the defendant challenges only the dismissal of the second cause of action. We find that the court properly granted that branch of the defendants' motion for summary judgment which was to dismiss the second cause of action sounding in negligence, as the plaintiff did not establish the violation of a legal duty independent from the contract at issue (see, Clark-Fitzpatrick, Inc. v Long Is. R. R., 70 NY2d 382, 389; Casalino Interior Demolition Corp. v Custom Design Data, 235 AD2d 514, 515; RKB Enters. v Ernst & Young, 182 AD2d 971; cf., Sommer v Federal Signal Corp., 79 NY2d 540, 552-553).

The case then proceeded to trial on the first and fourth

causes of action. During the course of the trial, the court granted the defendants' motion pursuant to CPLR 4401 for judgment in their favor as a matter of law, dismissing the remaining two causes of action. The court reasoned that a settlement agreement and general release between the plaintiff and a third party, Osmose Wood Preserving, Inc. (hereinafter Osmose), barred the instant action. The plaintiff had purchased chemicals and equipment from Osmose for use in its wood-treating business, and had sued Osmose upon the discovery of the toxic contamination on its site.

It is well settled that "the meaning and coverage of a general release necessarily depends upon the controversy being settled and upon the purpose for which the release was given. A release may not be read to cover matters which the parties did not intend to cover" (*Dillon v Dean,* 236 AD2d 360; *see also, Structural Processing Corp. v Farboil Co.,* 234 AD2d 284; *Long Is. Pipe Fabrication & Supply Corp. v S & S Fire Suppression Sys.,* 226 AD2d 1136; *Enock v National Westminster Bankcorp.,* 226 AD2d 235). Here, the settlement and release pertained solely to the plaintiff's claim against Osmose, and were not intended to dispose of claims arising in the entirely different context of the remediation of the toxic condition at the site (*see, Cahill v Regan,* 5 NY2d 292, 299; *B.B.M. Realty Corp. v Estate of Blank,* 222 AD2d 851; *Metz v Metz,* 175 AD2d 938, 939). Under these circumstances, the Supreme Court should not have dismissed the first cause of action which was to recover damages for breach of contract (*cf., Wells v Shearson Lehman/Am. Express,* 72 NY2d 11). However, the fourth cause of action, which, *inter alia,* sounds in negligence, was properly dismissed during the course of the trial (*see, Clark-Fitzpatrick, Inc. v Long Is. R. R., supra*).

The parties' remaining contentions are without merit. Rosenblatt, J. P., Ritter, Santucci and McGinity, JJ., concur.