◼ INGA MEYER, Respondent, v THOMAS F. FANELLI, JR., Appellant. [698 NYS2d 311] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (DiBlasi, J.), dated August 4, 1998, which granted the plaintiff's motion to amend a general release to exclude a debt owed by the defendant to the plaintiff and her husband for the education of the defendant's son.

Ordered that the order is affirmed, with costs.

" 'The meaning and coverage of a general release depends on the controversy being settled and upon the purpose for which

the release was actually given * * * A release may not be read to cover matters which the parties did not desire or intend to dispose of " (*Structural Processing Corp. v Farboil Co.,* 234 AD2d 284, quoting *Lefrak SBN Assocs. v Kennedy Galleries,* 203 AD2d 256, 257; *see, Cahill v Regan,* 5 NY2d 292, 299; *B.B. & S. Treated Lbr. Co. v Groundwater Technology,* 256 AD2d 430). The plaintiff averred that the release in this case, dated September 8, 1997, was prepared in the context of the settlement of her claim for personal injuries allegedly sustained as the result of the defendant's negligence. The defendant failed to establish that the release was intended to relieve him of his obligation to repay loans made by the plaintiff and her husband for the education of the defendant's son, Benjamin (*see, Enock v National Westminster Bankcorp,* 226 AD2d 235; *Perritano v Town of Mamaroneck,* 126 AD2d 623). Bracken, J. P., S. Miller, Krausman and H. Miller, JJ., concur.