(June 19, 2000)

■ ALEXIS ALCANTARA et al., Respondents, v 603-607 REALTY ASSOCIATES et al., Appellants, et al., Defendant. [710 NYS2d 99] —In an action to recover damages for personal injuries, etc., the defendants 603-607 Realty Associates and Leopold Loevinger appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated June 8, 1999, as denied that branch of their motion which was to dismiss the first cause of action pursuant to CPLR 3211 (a) (5) on the ground that it is barred by a general release, and granted the plaintiffs' cross motion for a determination that the general release does not bar that cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the appellants' contention, the general release executed in the prior action was not intended to encompass the

cause of action now asserted on behalf of the infant plaintiff. The meaning and extent of a general release depend upon the controversy being settled and the purpose for which it is given, and "a release may not be read to cover matters which the parties did not desire or intend to dispose of" (*Cahill v Regan,* 5 NY2d 292, 299; *see also, Meyer v Fanelli,* 266 AD2d 361; *Dillon v Dean,* 236 AD2d 360). Here, the release, executed in the context of settling the infant plaintiff's claim for arm injuries arising from a 1993 accident, clearly was not meant to relieve the appellants of their potential liability for an eye injury which the infant plaintiff allegedly sustained in a completely unrelated accident. Accordingly, the Supreme Court properly found that the release does not bar the first cause of action asserted on behalf of the infant plaintiff (*see, Meyer v Fanelli, supra*; *B.B.& S. Treated Lbr. Co. v Groundwater Technology,* 256 AD2d 430; *Dillon v Dean, supra*; *Lefrak SBN Assocs. v Kennedy Galleries,* 203 AD2d 256). Santucci, J. P., Thompson, Friedmann and Krausman, JJ., concur.