■ MENDEL E. OFMAN, Appellant, v MARTIN CAMPOS et al., Respondents. (Action No. 1.) MARTIN CAMPOS, Respondent, v MENDEL E. OFMAN, Appellant. (Action No. 2.) [788 NYS2d 115]—

In related actions, inter alia, to recover damages for false arrest and malicious prosecution, Mendel E. Ofman, the plaintiff in action No. 1 and the defendant in action No. 2, appeals (1) from an order of the Supreme Court, Kings County (Dowd, J.), dated October 25, 2002, which denied his motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint in action No. 2 on the ground of release and for the imposition of a sanction against Martin Campos in action No. 2, (2) from an order of the same court (Rosenberg, J.) entered March 13, 2003, which denied his motion, inter alia, to direct the defendants in action No. 1 to comply with a stipulation of settlement dated January 15, 2002, and (3), as limited by his brief, from so much of an order of the same court (Rosenberg, J.), entered July 2, 2003, as granted that branch of the motion of Martin Campos, the defendant in action No. 1, which was for the imposition of a sanction against him in the sum of $250.

Ordered that the order dated October 25, 2002, is affirmed; and it is further,

Ordered that the order entered March 13, 2003, is affirmed; and it is further,

Ordered that the order entered July 2, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to Martin Campos.

"The meaning and coverage of a general release depends on the controversy being settled and upon the purpose for which the release was actually given . . . A release may not be read to cover matters which the parties did not desire or intend to dispose of" (*Lefrak SBN Assoc. v Kennedy Galleries*, 203 AD2d 256, 257 [1994] [citation omitted]; *see Demaria v Brenhouse*, 277 AD2d 344 [2000]; *Alcantara v 603-607 Realty Assoc.*, 273 AD2d 329, 330 [2000]; *Meyer v Fanelli*, 266 AD2d 361 [1999];

*Grab v Jewish Assn. for Servs. for Aging,* 254 AD2d 455, 456 [1998]).

The appellant takes the position that the stipulation of settlement in action No. 1, dated January 15, 2002, was intended to release him from "all claims to date." However, the appellant failed to establish that the stipulation was intended to relieve him of the claims interposed against him in action No. 2. Issues of fact exist as to which disputes the parties intended to settle when they entered into the stipulation. Consequently, the appellant failed to submit evidence to establish his entitlement to dismissal of the complaint in action No. 2 as a matter of law or to compel compliance with the stipulation.

Moreover, the Supreme Court properly imposed a sanction against the appellant in the sum of $250. Conduct is frivolous and can be sanctioned under 22 NYCRR 130-1.1 if it is "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" or it is "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1 [c] [1], [2]; *see Stow v Stow,* 262 AD2d 550 [1999]; *Matter of Gordon v Marrone,* 202 AD2d 104 [1994]; *Tyree Bros. Envtl. Servs. v Ferguson Propeller,* 247 AD2d 376 [1998]). "Making claims of colorable merit can constitute frivolous conduct within the meaning of 22 NYCRR 130-1.1 if 'undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another' " (*Stow v Stow, supra* at 551, quoting 22 NYCRR 130-1.1 [c] [2]; *see also Matter of Gordon v Marrone, supra; Tyree Bros. Envtl. Servs. v Ferguson Propeller, supra*).

Here, the appellant made three consecutive motions seeking, in essence, the same relief. Such duplicative motions unnecessarily prolonged the litigation. Accordingly, a sanction in the sum of $250 against the appellant was a provident exercise of the Supreme Court's discretion.

The appellant's remaining contentions are without merit. Krausman, J.P., Goldstein, Luciano and Fisher, JJ., concur.