■ HARRY WECHSLER et al., Respondents, v DIAMOND SUGAR Co., INC., Appellant, et al., Defendant. [815 NYS2d 639]—

In an action to recover damages for personal injuries, etc., the defendant Diamond Sugar Co., Inc., appeals from (1) an order of the Supreme Court, Kings County (Douglass, J.), dated October 6, 2004, and (2) an amended order of the same court dated December 1, 2004, which denied its motion pursuant to CPLR 3211 (a) (1) and (5) to dismiss the complaint insofar as asserted against it.

Ordered that the appeal from the order dated October 6, 2004 is dismissed, as that order was superseded by the amended order dated December 1, 2004; and it is further,

Ordered that the amended order dated December 1, 2004 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

"The meaning and coverage of a general release depends on the controversy being settled and upon the purpose for which the release was actually given . . . A release may not be read to cover matters which the parties did not desire or intend to dispose of" (*Lefrak SBN Assoc. v Kennedy Galleries,* 203 AD2d 256, 257 [1994] [citation omitted]; *see Ofman v Campos,* 12 AD3d 581, 581-582 [2004]; *Demaria v Brenhouse,* 277 AD2d 344 [2000]; *Alcantara v 603-607 Realty Assoc.,* 273 AD2d 329, 330 [2000]; *Meyer v Fanelli,* 266 AD2d 361 [1999]; *Grab v Jewish Assn. for Servs. for Aging,* 254 AD2d 455, 456 [1998]). Here, the general release of liability was part of a severance agreement with the injured plaintiff's employer, an affiliate of the defendant Diamond Sugar Co., Inc., and contained no clear or specific language regarding personal injury claims (*see e.g. Bugel v WPS Niagara Props., Inc.,* 19 AD3d 1081, 1082 [2005]; *Wild v Finger Lakes Racing Assn.,* 191 AD2d 995 [1993]). As such, this general release does not bar the plaintiffs' claims. Miller, J.P., Santucci, Rivera and Lifson, JJ., concur.