■ YESENIA OLMEDO-GARCIA, Appellant, v VIVIAN DOBSON et al., Defendants, and KHADIZA CHOWDURY, Respondent. [820 NYS2d 92]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Schneier, J.), dated September 27, 2004, which granted the motion of the defendant Khadiza Chowdury for summary judgment dismissing the complaint insofar as asserted against her, and (2) an order of the same court dated March 24, 2005, which denied her motion for leave to renew and reargue.

Ordered that the appeal from the order dated March 24, 2005, is dismissed; and it is further,

Ordered that the order dated September 27, 2004, is reversed, on the law, the motion for summary judgment is denied as premature, with leave to renew upon completion of discovery; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In May of 2000 the defendants Vivian Dobson and Carmen Dobson (hereinafter the Dobsons), as the administratrix and the coadministratrix of the Estate of Herbert Dobson, contracted with the plaintiff to sell the subject property to her. Two years later, in May of 2002, the Dobsons contracted with the defen-

dant Khadiza Chowdury to sell the property to her. The sale to Chowdury was consummated on or about January 14, 2003. The plaintiff thereafter commenced an action against Vivian Dobson and filed a notice of pendency against the subject property on February 13, 2003. Chowdury subsequently recorded her deed on March 7, 2003. On or about May 22, 2003, the plaintiff filed a second action against Carmen Dobson and Chowdury. The two actions were consolidated by order dated November 21, 2003.

In April of 2004 Chowdury moved for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff's unrecorded contract of sale was void as against Chowdury's recorded deed. The plaintiff opposed the motion, claiming the existence of unresolved issues of fact as to Chowdury's status as a bona fide purchaser of the subject property entitled to the benefit of the recording statute. The court granted the motion. Subsequently, the court denied the plaintiff's motion for leave to reargue and renew. These appeals followed.

On this record, and particularly in light of the fact that discovery in this case was not completed, we find that Chowdury's motion should have been denied as premature, with leave to renew upon completion of discovery, because essential facts regarding her status as a bona fide purchaser of the subject property may exist which are currently unavailable to the plaintiff (*see* CPLR 3212 [f]; *Morris v Hochman,* 296 AD2d 481 [2002]; *Serota v Power House Realty Corp.,* 274 AD2d 427 [2000]; *Gerrity Co. v Bonacquisti Constr. Corp.,* 136 AD2d 59, 65 [1988]; *Nordlicht v Norton Simon, Inc.,* 70 AD2d 511 [1979]).

The appeal from the order dated March 24, 2005, must be dismissed, as no appeal lies from so much of the order as denied that branch of the plaintiff's motion which was for leave to reargue, and that portion of the order which denied that branch of the plaintiff's motion which was for leave to renew has been rendered academic by our determination on the appeal from the order dated September 27, 2004. Florio, J.P., Crane, Ritter and Fisher, JJ., concur.