■ HALL ENTERPRISES, INC., Respondent, v LIBERTY MANAGEMENT & CONSTRUCTION, LTD., et al., Appellants. [830 NYS2d 346]—

In an action, inter alia, to recover damages for breach of contract and fraudulent misrepresentation, the defendants appeal (1) from an order of the Supreme Court, Suffolk County (Molia, J.), dated January 21, 2005, which denied that branch of the motion of the defendant Geraldine Ehrlich which was for summary judgment dismissing the complaint insofar as asserted against her, (2), as limited by their brief, from so much of an order of the same court, dated March 9, 2005, as, in effect, upon reargument, adhered to the prior determination, and (3) from an order of the same court (Cohalan, J.), dated December 30, 2005, which denied that branch of the motion of the defendants Liberty Management & Construction, Ltd., and Allyn Ehrlich which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the appeal from the order dated January 21, 2005 is dismissed, as that order was superseded by the order dated March 9, 2005, in effect, made upon reargument; and it is further,

Ordered that the appeal by the defendants Liberty Management & Construction, Ltd., and Allyn Ehrlich from the order dated March 9, 2005 is dismissed, as those defendants are not aggrieved by that order (*see* CPLR 5511); and it is further,

Ordered that the order dated March 9, 2005 is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Geraldine Ehrlich which was for summary judgment dismissing the complaint insofar as asserted against her, and substituting therefor a provision denying that branch of the motion without prejudice to renewal upon the completion of discovery; as so modified, the order is affirmed insofar as appealed from by the defendant Geraldine Ehrlich; and it is further,

Ordered that the appeal by the defendant Geraldine Ehrlich from the order dated December 30, 2005 is dismissed, as she is not aggrieved by that order (*see* CPLR 5511); and it is further,

Ordered that the order dated December 30, 2005 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

Contrary to the contention of the defendant Geraldine Ehrlich, the Supreme Court did not err in denying that branch of her motion which was for summary judgment dismissing the complaint insofar as asserted against her. Given the circumstances of the case and the total absence of any pretrial discovery, the request for summary judgment based upon the conclusory affidavits submitted by the movant was premature (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 506 [1993]; *Juseinoski v New York Hosp. Med. Ctr. of Queens*, 29 AD3d 636, 637-638 [2006]; *Colombini v Westchester County Healthcare Corp.*, 24 AD3d 712, 715 [2005]; *Afzal v Board of Fire Commrs. of Bellmore Fire Dist.*, 23 AD3d 507 [2005]). However, that branch of the motion of the defendant Geraldine Ehrlich which was for summary judgment dismissing the complaint insofar as asserted against her should have been denied without prejudice to renewal upon the completion of discovery (*see generally Olmedo-Garcia v Dobson*, 31 AD3d 727 [2006]; *Ticali v Locascio*, 24 AD3d 430 [2005]).

The Supreme Court properly denied that branch of the separate motion of the defendants Liberty Management & Construction, Ltd., and Allyn Ehrlich which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that the action was barred by certain releases. Construing the purported releases at issue in the context of the controversy being settled, if any, and the purpose for which they were given (*see generally Alcantara v 603-607 Realty Assoc.*, 273 AD2d 329 [2000]; *Meyer v Fanelli*, 266 AD2d 361 [1999]; *B.B. & S. Treated Lbr. Co. v Groundwater Tech.*, 256 AD2d 430 [1998]; *Dillon v Dean*, 236 AD2d 360 [1997]), and considering the conflicting rational interpretations of those instruments advanced by the parties in support of and in opposition to the motion, triable issues exist with regard to the parties' intentions as to the scope and meaning of the alleged releases (*see generally Hartford Acc. & Indem. Co. v Wesolowski*, 33 NY2d 169, 172 [1973]; *Leon v Lukash*, 121 AD2d 693 [1986]; *River Park Assoc. v Meyerbank Elec. Co.*, 116 AD2d 709 [1986]).

The defendants' remaining contentions are improperly raised for the first time on appeal (*see DiLauria v Town of Harrison*, 32 AD3d 490 [2006]; *Festinger v Edrich*, 32 AD3d 412 [2006];

*Sandoval v Juodzevich*, 293 AD2d 595 [2002]; *Orellano v Samples Tire Equip. & Supply Corp.*, 110 AD2d 757 [1985]). Rivera, J.P., Krausman, Goldstein and Lunn, JJ., concur.