■ ALLYN GLASSBERG, Appellant, v DONGICK LEE, Respondent. [918 NYS2d 554]—

On February 13, 2008, the plaintiff allegedly was injured when her vehicle was struck by the defendant's vehicle on Route 52 in Fishkill. Thereafter, the plaintiff rented a car while her vehicle was being repaired. Approximately two months after the accident, the defendant's insurer sent two checks to the plaintiff, each in the sum of $400. As is relevant here, the second check (hereinafter the subject check) contained a notation on its face that it was in payment of: "Bodily Injury Coverage Full and Final Settlement Of All Claims Arising From MVA Of 2/13/2008." On or about April 30, 2008, the plaintiff endorsed the back of the subject check and cashed it. In August 2009 the plaintiff commenced this personal injury action. The defendant moved, in effect, pursuant to CPLR 3211 (a) (5), to dismiss the complaint on the ground that the subject check constituted a valid release barring the action. The Supreme Court granted the motion. We reverse.

A release is a contract, and its construction is governed by contract law (*see Mangini v McClurg*, 24 NY2d 556, 562 [1969]). While the meaning and scope of a release are determined within the context of the controversy being settled (*see Matter of Brown*, 65 AD3d 1140 [2009]), a release cannot be read to cover matters which the parties did not intend to dispose of (*see Meyer v Fanelli*, 266 AD2d 361, 361-362 [1999]), and unless it is shown that a specified matter was in dispute at the time a purported release was given, it cannot be held to bar the releasor's rights as to that matter (*see Cahill v Regan*, 5 NY2d 292, 299-300 [1959]; *see generally Mangini v McClurg*, 24 NY2d at 562).

Notwithstanding the notation on the subject check, the record reveals that there was no bodily injury dispute in existence at the time the defendant's insurer tendered the subject check to the plaintiff. Thus, the Supreme Court erred in concluding that the subject check constituted a valid release barring the plaintiff's personal injury action. Moreover, the defendant presented no evidence that it had informed the plaintiff that her acceptance of the check would constitute a full and final release of any and all personal injury claims (*see Brink v Killeen*, 48 AD2d 823, 823-824 [1975]; *cf. McIntosh v Continental Trailways*, 43 AD2d 411 [1974]). Similarly, the plaintiff's acceptance of the subject check did not constitute an accord and satisfaction since no disputed claim as to bodily injury existed at the time the check was tendered to the plaintiff (*see Gersh v Johansen*, 76 AD2d 916 [1980]; *Rose Inn of Ithaca, Inc. v Great Am. Ins. Co.*, 75 AD3d 737, 739 [2010]; *Rosenthal & Rosenthal v Paston & Sons Agency*, 210 AD2d 55, 56 [1994]), and the plaintiff was not clearly informed that acceptance of the amount would settle or

discharge the purported bodily injury claim (*see Narendra v Thieriot*, 41 AD3d 442, 443 [2007]).

The defendant's remaining contentions either are without merit, are improperly raised for the first time on appeal, or have been rendered academic by our determination. Dillon, J.P., Florio, Dickerson and Cohen, JJ., concur.