OPINION OF THE COURT
Per Curiam.
Order, entered February 4, 2011, reversed, with $10 costs, motion denied and petition reinstated.
Respondents’ pre-answer motion to dismiss this September 2010 nonprimary residence holdover proceeding should have been denied. “The meaning and coverage of a general release depends on the controversy being settled and upon the purpose for which the release was actually given ... A release may not be read to cover matters which the parties did not desire or intend to dispose of’ (Lefrak SBN Assoc. v Kennedy Galleries, 203 AD2d 256, 257 [1994], citing Cahill v Regan, 5 NY2d 292, 299 [1959]). Here, the release in question was part of a stipulation, so ordered on May 14, 2009, which resolved an attorneys’ fee dispute arising from an earlier (2001) nonprimary residence proceeding and related agency proceedings involving these same parties. The stipulation included a provision (paragraph 7) releasing each side from “any and all claims . . . relating to [the respondent tenants’] occupancy of the Apartment through the date of this Stipulation.”
Considering the narrow scope of the “controversy being settled” (Lefrak, 203 AD2d at 257) and accepting as true the petitioner landlord’s sworn allegations as to the intended reach of the settlement (see Enock v National Westminster Bankcorp, 226 AD2d 235 [1996]), respondents failed to establish that the release was intended to bar prosecution of the within nonprimary residence eviction claim, which, notably, did not become actionable until, at the earliest, June 1, 2010 (or more than a year after execution of the settlement agreement), at the end of the so-called “window period” prior to the expiration of the respondents tenants’ most recent renewal lease (see 615 Co. v Mikeska, 75 NY2d 987 [1990]). In reinstating the holdover petition, we express no view as to the potential impact, if any, of the release provisions on the temporal scope of petitioner’s trial evidence.
Torres, J.E, Shulman and Hunter, Jr., JJ., concur.