In an action, inter alia, pursuant to Navigation Law § 181 for a judgment declaring that the plaintiff is entitled to indemnification and damages resulting from the defendant’s discharge of petroleum, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Marker, J.), entered February 9, 2012, as granted the defendant’s motion pursuant to CPLR 3211 (a) (1) and (5) to dismiss the complaint on the ground of a defense founded upon documentary evidence and release.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion pursuant to CPLR 3211 (a) (1) and (5) to dismiss the complaint is denied.
The plaintiff, the owner of the subject property, alleged that between 1964 and 1979 the defendant operated a gas station on the property pursuant to a lease with a former owner. It was later learned that underground gasoline tanks on the premises had leaked and contaminated the soil. The New York State Department of Environmental Conservation directed the *861 plaintiff to remediate the site, and the remediation was completed in 2010. In 2011, the plaintiff commenced this action seeking, inter alia, a declaration that it is entitled to indemnification and damages resulting from the defendant’s discharge of petroleum on the property. The defendant, relying on two releases executed in 1984 by the defendant and a former owner of the property, moved pursuant to CPLR 3211 (a) (1) and (5) to dismiss the complaint. The Supreme Court granted the defendant’s motion.
Generally, a valid release completely bars an action on a claim that is the subject of the release (see Inter-Reco, Inc. v Lake Park 175 Froehlich Farm, LLC, 106 AD3d 955, 956 [2013]; Global Mins. & Metals Corp. v Holme, 35 AD3d 93, 98 [2006]). Principles of contract law govern the interpretation of a release; “a release ‘that is complete, clear, and unambiguous on its face must be enforced according to the plain meaning of its terms’ ” (Inter-Reco, Inc. v Lake Park 175 Froehlich Farm, LLC, 106 AD3d at 956, quoting Alvarez v Amicucci, 82 AD3d 687, 688 [2011]). Nonetheless, as the Court of Appeals has recognized with respect to a general release, “[t]here is little doubt . . . that its interpretation and limitation by the parol evidence rule are subject to special rules. These rules are based on a realistic recognition that releases contain standardized, even ritualistic, language and are given in circumstances where the parties are sometimes looking no further than the precise matter in dispute that is being settled. Thus, while it has been held that an unreformed general release will be given its full literal effect where it is directly or circumstantially evident that the purpose is to achieve a truly general settlement (Lucio v Curran, 2 NY2d 157 [1956]), the cases are many in which the release has been avoided with respect to uncontemplated transactions despite the generality of the language in the release form” (Mangini v McClurg, 24 NY2d 556, 562 [1969]).
Further, “[t]he meaning and extent of coverage of a release ‘necessarily depend, as in the case of contracts generally, upon the controversy being settled and upon the purpose for which the release was actually given’ ” (Rotondi v Drewes, 31 AD3d 734, 735-736 [2006], quoting Cahill v Regan, 5 NY2d 292, 299 [1959]). A general release may not be construed to cover matters that the parties “did not desire or intend to dispose of’ (Cahill v Regan, 5 NY2d at 299; see Rotondi v Drewes, 31 AD3d at 735).
Here, the two releases at issue, whether construed together or separately, are ambiguous regarding whether the parties intended that they cover unknown claims for environmental
*862 contamination (see Gettner v Getty Oil Co., 226 AD2d 502, 503 [1996]). Thus, the Supreme Court erred in granting the defendant’s motion to dismiss the complaint on the basis of the releases pursuant to CPLR 3211 (a) (5). Moreover, inasmuch as the releases did not “conclusively dispose” of the plaintiff’s claims (Fontanetta v John Doe 1, 73 AD3d 78, 83 [2010]), the Supreme Court likewise erred in granting that branch of the defendant’s motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) (see Great Eagle Intl. Trade, Ltd. v Corporate Funding Partners, LLC, 104 AD3d 731, 731 [2013]; Midorimatsu, Inc. v Hui Fat Co., 99 AD3d 680, 681-682 [2012]). Mastro, J.P., Balkin, Hall and Austin, JJ., concur. [Prior Case History: 2012 NY Slip Op 30419(U).]