*763 In an action, inter alia, to recover damages for fraud and pursuant to RPAPL article 15 to determine claims to certain real property, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), dated July 11, 2012, as denied that branch of their motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the ground of release.
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action, inter alia, to recover damages for fraud and pursuant to RPAPL article 15 to determine claims to certain real property. The complaint alleged that the plaintiffs brother fraudulently induced their father to transfer title to the subject property to a trust controlled by the brother, who then effectively transferred the property to himself, thereby depriving the plaintiff of his rightful inheritance.
The defendants moved to dismiss the complaint arguing, among other things, that the action was barred by a release that had been executed by the plaintiff when he received his share of a certain insurance trust set up by the plaintiffs father. The Supreme Court denied the defendants’ motion.
Generally, a valid release constitutes a complete bar to an action on a claim that is the subject of the release (see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276 [2011]; Global Mins. & Metals Corp. v Holme, 35 AD3d 93, 98 [2006]). If the language of a release is clear and unambiguous, the signing of a release is a jural act binding on the parties (see Booth v 3669 Delaware, 92 NY2d 934, 935 [1998]; Mangini v McClurg, 24 NY2d 556, 563 [1969]).
“However, a release may not be read to cover matters which the parties did not intend to cover” (Desiderio v Geico Gen. Ins. Co., 107 AD3d 662, 663 [2013]; see Cahill v Regan, 5 NY2d 292, 299 [1959]; Wechsler v Diamond Sugar Co., Inc., 29 AD3d 681, 682 [2006]). “[I]ts meaning and coverage necessarily depend, as in the case of contracts generally, upon the controversy being settled and upon the purpose for which the release was actually given” (Cahill v Regan, 5 NY2d at 299; see Burnside 711 LLC v Amerada Hess Corp., 109 AD3d 860, 861 [2013]).
Here, as the Supreme Court properly concluded, the release only served to bar the plaintiff from commencing an action relating to the administration of the insurance trust or any new trust subsequently created with the assets of the insurance trust (cf. Wechsler v Diamond Sugar Co., Inc., 29 AD3d at 682). *764 Since this action does not involve the administration of the insurance trust or any trust containing the assets of the insurance trust, the Supreme Court properly denied that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the ground of release (see Wechsler v Diamond Sugar Co., Inc., 29 AD3d at 682; see generally Burnside 711 LLC v Amerada Hess Corp., 109 AD3d at 861; Desiderio v Geico Gen. Ins. Co., 107 AD3d at 663).
Dickerson, J.P, Leventhal, Hall and Miller, JJ., concur.