■ SHOSHANA BERNSTEIN, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Defendants, GLOBAL GALAKTIKA CORP. et al., Respondents, and HENRY FRIAS, Appellant. [61 NYS3d 113]—

In an action to recover damages for personal injuries, the defendant Henry Frias appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated May 6, 2016, as denied, as premature, his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

On May 21, 2014, the plaintiff was a passenger in a vehicle owned by the defendant Global Galaktika Corp. (hereinafter Global) and operated by the defendant Sardor B. Djalolov when, at the intersection of New Lots Avenue and Alabama Avenue in Brooklyn, it was struck in the rear by a vehicle owned and operated by the defendant Henry Frias. In October 2014, the plaintiff commenced this action against, among others, Djalolov, Global, and Frias. After issue was joined, but before any depositions were held, Frias moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. The Supreme Court denied the motion as premature, in effect, with leave to renew upon the completion of discovery.

"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (*Boulos v Lerner-Harrington*, 124 AD3d 709, 709 [2015]). "A

party should be afforded a reasonable opportunity to conduct discovery prior to the determination of a motion for summary judgment" (*Brea v Salvatore*, 130 AD3d 956, 956 [2015]; *see* CPLR 3212 [f]; *Amico v Melville Volunteer Fire Co., Inc.*, 39 AD3d 784, 785 [2007]).

Here, Frias moved for summary judgment before the parties had an adequate opportunity to conduct discovery (*see Richardson v New York City Tr. Auth.*, 51 AD3d 899 [2008]). Moreover, the affidavit submitted by Frias in support of his motion, and the affidavit submitted by Djalolov in opposition, contain conflicting accounts as to how and why the accident occurred, thus precluding the granting of summary judgment at this juncture (*see Cardone v Poidamani*, 73 AD3d 828 [2010]; *Didco Urban Renewal Co. v Mann Mgt.*, 224 AD2d 195 [1996]). Accordingly, the Supreme Court properly denied, as premature, Frias's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him (*see Okula v City of New York*, 147 AD3d 967 [2017]; *Bond v DeMasco*, 84 AD3d 1292, 1293 [2011]; *Cardone v Poidamani*, 73 AD3d 828 [2010]; *Hall Enters., Inc. v Liberty Mgt. & Constr., Ltd.*, 37 AD3d 658, 659 [2007]). Mastro, J.P., Dillon, Cohen and Brathwaite Nelson, JJ., concur.