Gorunkati v Baker Sanders, LLC (2020 NY Slip Op 00406)





Gorunkati v Baker Sanders, LLC


2020 NY Slip Op 00406


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
BETSY BARROS, JJ.


2017-05690
 (Index No. 510084/16)

[*1]Surender Gorunkati, etc., appellant-respondent,
v
Baker Sanders, LLC, etc., respondent-appellant, et al., defendants.


Law Office of Natalia Vassilieva, P.C., Brooklyn, NY, for appellant-respondent.
Baker Sanders, LLC, Garden City, NY (Steven J. Neuwirth of counsel), respondent-appellant pro se.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice and for an accounting, the plaintiff appeals, and the defendant Baker Sanders, LLC, cross-appeals, from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated April 28, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendant Baker Sanders, LLC, which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging legal malpractice. The order, insofar as cross-appealed from, denied that branch of the motion of the defendant Baker Sanders, LLC, which was pursuant to CPLR 3211(a) to dismiss the cause of action for an accounting.
ORDERED that the order is reversed insofar as appealed from, on the law, and that branch of the motion of the defendant Baker Sanders, LLC, which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging legal malpractice is denied; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action against, among others, the defendant Baker Sanders, LLC (hereinafter Baker Sanders), alleging that he retained Baker Sanders to engage in litigation to collect no-fault insurance proceeds he was owed on behalf of Richmond Medical Diagnostic, P.C. (hereinafter Richmond), and instructed Baker Sanders to remit those proceeds to him. The plaintiff alleged that Baker Sanders commenced various actions to collect the outstanding no-fault insurance proceeds and, after collecting those proceeds, remitted them to three different companies that had agreed to advance Richmond money in anticipation of reimbursement from the no-fault proceeds. The plaintiff asserted causes of action against Baker Sanders, inter alia, alleging legal malpractice and breach of contract, and for an accounting. Baker Sanders moved, among other things, pursuant to CPLR 3211(a)(1) and (5) to dismiss the complaint insofar as asserted against it. Alternatively, Baker Sanders moved pursuant to CPLR 3211(a)(7), inter alia, to dismiss the breach of contract cause of action as duplicative of the legal malpractice cause of action. The Supreme Court granted that branch of the motion which was to dismiss the legal malpractice cause of action and denied that branch of the motion which was to dismiss the cause of action for an accounting. [*2]The plaintiff appeals from the portion of the order which granted dismissal of the legal malpractice cause of action, and Baker Sanders cross-appeals from the portion of the order which denied dismissal of the accounting cause of action.
While we agree with the Supreme Court's determination denying that branch of the motion which was to dismiss the cause of action for an accounting, we disagree with its determination granting that branch of the motion which was to dismiss the legal malpractice cause of action.
A plaintiff in an action alleging legal malpractice must prove that the defendant attorney's failure to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession proximately caused the plaintiff to sustain actual and ascertainable damages (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442; Nill v Schneider, 173 AD3d 753, 755). "The right to an accounting is premised upon the existence of a confidential or fiduciary relationship and a breach of the duty imposed by that relationship respecting property in which the party seeking the accounting has an interest'" (LoGerfo v Trustees of Columbia Univ. in City of N.Y., 35 AD3d 395, 397, quoting Palazzo v Palazzo, 121 AD2d 261, 265).
"To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211(a)(1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Garcia v Polsky, Shouldice & Rosen, P.C., 161 AD3d 828, 829 [internal quotation marks omitted]; see Gould v Decolator, 121 AD3d 845, 847). Here, the documentary evidence submitted by Baker Sanders in support of its motion did not utterly refute the plaintiff's allegations. While Baker Sanders contends that it made payments in accordance with payment and remittance directives issued by the plaintiff, such documentary evidence did not utterly refute the plaintiff's contention that the payment and remittance directives had been revoked. Accordingly, Baker Sanders was not entitled to dismissal of the legal malpractice cause of action or the cause of action for an accounting pursuant to CPLR 3211(a)(1) on the grounds asserted.
Similarly, the legal malpractice and accounting causes of action were not subject to dismissal pursuant to CPLR 3211(a)(5) on the basis of release. Specifically, Baker Sanders contends that within several documents entitled "No-Fault Payment Directive & Authorized Agent Appointment" (hereinafter Agent Appointment) and "Remittance Directive & Notice of Lien on Receivables" (hereinafter Remittance Directive) signed by the plaintiff was language in which he agreed to hold Baker Sanders harmless from and waive any claims related to the payment of funds to the appointed agents and any harm caused by Baker Sanders's recognition of said agents. Generally, "a valid release constitutes a complete bar to an action on a claim which is the subject of the release" (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276 [internal quotation marks omitted]). However, " [t]he meaning and coverage of a general release depends on the controversy being settled and upon the purpose for which the release was actually given . . . . A release may not be read to cover matters which the parties did not desire or intend to dispose of'" (Wechsler v Diamond Sugar Co., Inc., 29 AD3d 681, 682, quoting Lefrak SBN Assoc. v Kennedy Galleries, 203 AD2d 256, 257; see Demaria v Brenhouse, 277 AD2d 344). A defendant bears the initial burden of establishing that it has been released from any claims (see Burgos v New York Presbyt. Hosp., 155 AD3d 598, 600). Here, although Baker Sanders established the existence of various releases related to the payment of funds to agents, it did not establish that the releases, which were contained within the Agent Appointments and Remittance Directives, unambiguously encompassed the legal malpractice and accounting causes of action (see DeMaria v Brenhouse, 277 AD2d 344). As such, Baker Sanders was not entitled to dismissal of the legal malpractice cause of action or the cause of action for an accounting pursuant to CPLR 3211(a)(5).
Finally, we disagree with the Supreme Court's determination that the legal malpractice cause of action was subject to dismissal because it was duplicative of the breach of contract cause of action. Initially, there was no breach of contract cause of action for the legal malpractice cause of action to duplicate, because, according to the court, the parties conceded that all the causes of action except for the legal malpractice and accounting causes of action should be dismissed. Thus, the court, in effect, directed dismissal of the breach of contract cause of action. [*3]However, assuming arguendo that dismissal of the breach of contract cause of action had not been conceded by the plaintiff, it was duplicative of the legal malpractice cause of action, as it asserted the same facts and did not allege different and distinct damages (see Kliger-Weiss Infosystems, Inc. v Ruskin Moscou Faltischek, P.C., 159 AD3d 683, 685). The breach of contract cause of action alleged, in sum and substance, as did the legal malpractice cause of action, that Baker Sanders breached its professional and ethical duties by failing to remit the no-fault proceeds to the plaintiff, resulting in damages. Regarding damages, the breach of contract cause of action did not allege any different and distinct damages from what had already been alleged in the legal malpractice cause of action.
DILLON, J.P., BALKIN, AUSTIN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court