Patos v Long Is. Living Ctr., LLC (2022 NY Slip Op 04971)

Patos v Long Is. Living Ctr., LLC

2022 NY Slip Op 04971

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.

2020-02508
 (Index No. 717931/18)

[*1]Nelinda P. Patos, respondent, 
v
Long Island Living Center, LLC, appellant, et al., defendants.

Meltzer, Lippe, Goldstein & Breitstone, LLP, Mineola, NY (Christopher T. Borruso and Jonathan D. Farrell of counsel), for appellant.
Felix Q. Vinluan, Woodside, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover unpaid wages, the defendant Long Island Living Center, LLC, appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.) dated December 16, 2019. The order denied that defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as against it.
ORDERED that the order is affirmed, with costs.
Nelinda P. Patos alleged that she was an employee of the defendant Long Island Living Center, LLC (hereafter Long Island Living Center). At some point, Patos commenced an action against Long Island Living Center to recover damages for personal injuries she allegedly sustained during her employment (hereinafter the personal injury action). That action was settled on or around September 20, 2018, for the sum of $25,000, at which time Patos executed a release. On or about November 21, 2018, Patos commenced the instant action against Long Island Living Center, among others, seeking, inter alia, to recover unpaid minimum wages and unpaid overtime wages she earned while working as a front desk clerk, switchboard operator, and caregiver at Long Island Living Center's facility from August 2012 through June 2016. Long Island Living Center moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as against it on the ground that the action was barred by the release executed by the plaintiff as part of the settlement of the personal injury action. In an order dated December 16, 2019, the Supreme Court denied Long Island Living Center's motion. Long Island Living Center appeals.
Generally, "a valid release constitutes a complete bar to an action on a claim which is the subject of the release" (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276 [internal quotation marks omitted]). A valid general release will apply not only to known claims, but "may encompass unknown claims, . . . if the parties so intend and the agreement is 'fairly and knowingly made'" (id. at 276, quoting Mangini v McClurg, 24 NY2d 556, 566-567; see Matter of Travelers Home & Mar. Ins. Co. v Fiumara, 164 AD3d 592, 593). However, "'[t]he meaning and coverage of a general release depends on the controversy being settled and upon the purpose for which the release was actually given . . . . A release may not be read to cover matters which the parties did not desire or intend to dispose of'" (Gorunkati v Baker Sanders, LLC, 179 AD3d 904, 906, quoting Wechsler v Diamond Sugar Co., Inc., 29 AD3d 681, 682; see Chiappone [*2]v North Shore Univ. Hosp., 164 AD3d 463).
Here, Long Island Living Center failed to establish, prima facie, that the release executed by the parties settling the personal injury action, which expressly stated that it was a "RELEASE FOR PERSONAL INJURY CLAIM," was intended to preclude Patos's present claims, including to recover unpaid wages (see CPLR 3211[a][5]; Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d at 276; Davis v Farrell Fritz, P.C., 201 AD3d 869; Gorunkati v Baker Sanders, LLC, 179 AD3d at 906; Chiappone v North Shore Univ. Hosp., 164 AD3d at 465). While Patos may have been aware of the potential claims for unpaid wages against Long Island Living Center when she signed the release, any such awareness is insufficient, itself, to establish that the release was intended to cover any potential claims which were not the subject of the personal injury action (see Chiappone v North Shore Univ. Hosp., 164 AD3d at 465).
Accordingly, the Supreme Court properly denied Long Island Living Center's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it.
BARROS, J.P., RIVERA, CHAMBERS and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court