■ PERCY M. HUGHES et al., Respondents, v LONG ISLAND UNIVERSITY, Appellant. (And a Third-Party Action.) [762 NYS2d 401] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Werner, J.), entered June 7, 2002, which denied its motion for leave to serve an amended verified answer adding the affirmative defense of release, or, in the alternative, for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the contention of the defendant Long Island University (hereinafter LIU), the general release executed in the prior federal civil rights action was not intended to encompass the plaintiffs' subsequent state court personal injury action. The meaning and extent of a general release depends upon the controversy being settled and the purpose for which it is given, and "a release may not be read to cover matters which the parties did not desire or intend to dispose" (*Cahill v Regan,* 5 NY2d 292, 299 [1959]; *see Alcantara v 603-607 Realty Assoc.,* 273 AD2d 329 [2000]). Moreover, " 'if from the recitals therein or otherwise, it appears that the release is to be limited to only particular claims, demands or obligations, the instrument will be operative as to those matters alone' " (*Kaminsky v*

*Gamache,* 298 AD2d 361 [2002], quoting *Perritano v Town of Mamaroneck,* 126 AD2d 623, 624 [1987]).

In this case, LIU's counsel notified the magistrate assigned to the federal civil rights action that the federal action had been settled on December 29, 1997, or 10 days before the January 8, 1998, accrual of the plaintiffs' state court personal injury action. Accordingly, the Supreme Court properly found that the release was not intended to resolve the state court action (*see Alcantara v 603-607 Realty Assoc., supra; Stone v Aronwald & Pykett,* 275 AD2d 706 [2000]), and thus it properly denied LIU's motion for leave to serve an amended verified answer (*see* CPLR 3025 [b]; *Kallen v Kasin,* 226 AD2d 505 [1996]). Florio, J.P., H. Miller, Adams and Mastro, JJ., concur.