■ MICHAEL ROTONDI, Appellant, v FREDERICK W. DREWES, Respondent. [819 NYS2d 779]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated May 5, 2005, which denied his motion for summary judgment dismissing the defendant's sixth affirmative defense of release.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

The plaintiff brought this action to recover damages for injuries he allegedly sustained when his leg fell through a rotted step outside a house he was renting from the defendant. Earlier, the plaintiff had brought a small claims action, inter alia, to recover his security deposit, which was consolidated with an action commenced by the defendant in the Sixth District Court, Suffolk County, to recover, among other things, the sum of $12,135 claimed to be due and owing as rent. The parties agreed to settle the consolidated District Court action pursuant to a stipulation of settlement reciting the parties' desire to settle and discontinue that action, and providing for the plaintiff to pay the sum of $3,500 to the defendant. As part of the settlement, the parties mutually agreed to release each other from claims arising out of the "the renting of the premises . . . or the occupancy thereof."

After the defendant was given leave to amend his answer to assert the release as an affirmative defense in this action, the plaintiff moved for summary judgment dismissing the defense. The plaintiff submitted his own affidavit and an affidavit of the attorney who had represented him in connection with the settlement of the earlier litigation, which stated that the parties never reached an agreement to release the defendant from liability in connection with this personal injury action. In addition, the plaintiff's attorney in this action averred that the defendant's insurer had made a substantial offer of settlement, which had been rejected as inadequate, so that it would be unreasonable for the plaintiff to release the defendant without receiving any compensation. In opposition, the defendant argued that the ambiguous language of the release raised issues of fact precluding the grant of summary judgment dismissing the defense and that it was premature.

While a broad general release will be given effect regardless of the parties' unexpressed intentions, "a release may not be read to cover matters which the parties did not desire or intend to dispose of" (*Cahill v Regan*, 5 NY2d 292, 299 [1959]; *see Chaudhry v Garvale*, 262 AD2d 518, 519 [1999]). The meaning and extent of coverage of a release "necessarily depend, as in the case of contracts generally, upon the controversy being

settled and upon the purpose for which the release was actually given" (*Cahill v Regan, supra* at 299; *see Hughes v Long Is. Univ.,* 305 AD2d 462 [2003]; *Kaminsky v Gamache,* 298 AD2d 361, 362 [2002]; *Alcantara v 603-607 Realty Assoc.,* 273 AD2d 329 [2000]; *Lefrak SBN Assoc. v Kennedy Galleries,* 203 AD2d 256, 257 [1994]). Moreover, " ' "if from the recitals therein or otherwise, it appears that the release is to be limited to only particular claims, demands or obligations, the instrument will be operative as to those matters alone" ' " (*Kaminsky v Gamache, supra* at 361, quoting *Perritano v Town of Mamaroneck,* 126 AD2d 623, 624 [1987]; *see Hughes v Long Is. Univ., supra; Herman v Malamed,* 110 AD2d 575 [1985]).

Here, the release is limited by its recitals to the prior landlord-tenant dispute, and the circumstances surrounding its execution support the plaintiff's contention that it was not intended to release the defendant from liability in this personal injury action. To the extent that the language of the release could be viewed as ambiguous, the plaintiff submitted extrinsic evidence in admissible form showing that the release was not intended to apply to his personal injury claims. Once the plaintiff submitted evidence attacking the factual basis of the release defense, "the burden [fell] upon the defendant to come forth with sufficient evidence to raise an issue of fact with respect to the defense" (*Becker v Elm A.C. Corp.,* 143 AD2d 965, 965-966 [1988]). The defendant could not meet his burden merely by arguing that the language of the release was ambiguous, but was required to submit extrinsic evidence to present a disputed issue of fact as to the parties' intent (*see Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 291 [1973]). Since the record evidence clearly shows that the parties did not intend the release to relieve the defendant of liability in the instant personal injury action, the motion for summary judgment dismissing the defense of release should have been granted (*see Hughes v Long Island Univ., supra; Lefrak SBN Assoc. v Kennedy Galleries, supra*). The defendant's bare contention that the motion was premature was insufficient to warrant delay in considering the motion on the merits, since the defendant did not assert that evidence sufficient to defeat the motion may be uncovered during the discovery process (*see Neryaev v Solon,* 6 AD3d 510, 510-511 [2004]). Schmidt, J.P., Ritter, Santucci and Lunn, JJ., concur.