■ STEPHEN APFEL, Appellant, v PHILIP J. PRESTIA et al., Respondents. [838 NYS2d 605]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Johnson, J.), entered July 25, 2006, which, upon an order of the same court dated February 14, 2006, granting the defendants' motion for leave to amend their answer to add the affirmative defense of release and for summary judgment dismissing the complaint based on that defense, is in favor of the defendants and against him dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, that branch of the defendants' motion which was for summary judgment dismissing the complaint is denied, the complaint is reinstated, and the order dated February 14, 2006 is modified accordingly.

The meaning and coverage of a release necessarily depends upon the controversy being settled and upon the purpose for which the release was given, and the release may not be read to cover matters which the parties did not intend to cover (*see Cahill v Regan*, 5 NY2d 292, 299 [1959]; *Matter of Frankel*, 292 AD2d 526, 527 [2002]; *Tarantola v Williams*, 48 AD2d 552, 553-555 [1975]). "[I]f from the recitals therein or otherwise, it appears that the release is to be limited to only particular claims, demands or obligations, the instrument will be operative as to those matters alone" (*Kaminsky v Gamache*, 298 AD2d 361, 361-362 [2002]). Contrary to the Supreme Court's determination, under the circumstances of this case, it cannot be said as a matter of law that the stipulation executed by the parties discontinuing the defendants' housing court proceeding and settling all claims "between the parties to date" was intended to preclude the plaintiff from recovering in this personal injury action, which was pending at the time (*see Rotondi v Drewes*, 31 AD3d 734, 735 [2006]). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint (*see Rotondi v Drewes, supra* at 735).

In light of our determination, we need not address the plaintiff's remaining contention. Schmidt, J.P., Rivera, Angiolillo and Balkin, JJ., concur.