■ IMRAN CHOUDHRY et al., Respondents, v FIVE STAR CONTRACTING COMPANIES, INC., et al., Defendants, and M.A.C. DESIGN CORP. et al., Appellants. [861 NYS2d 383]—

In an action to recover damages for personal injuries, etc., the defendants M.A.C. Design Corp. and Ali Syed appeal from an order of the Supreme Court, Kings County (Jacobson, J.), dated December 4, 2007, which denied their motion to dismiss the complaint insofar as asserted against the defendant M.A.C. Design Corp. on the ground that it was barred by a release pursuant to CPLR 3211 (a) (5) and to dismiss the complaint insofar as asserted against the defendant Ali Syed on the ground that it fails to state a cause of action pursuant to CPLR 3211 (a) (7).

Ordered that the order is affirmed, with costs.

Contrary to the appellants' contention, this action insofar as asserted against the appellant M.A.C. Design Corp. (hereinafter M.A.C.) is not barred by virtue of the alleged release. In order to be entitled to dismissal of an action based upon a release, the movant must show that the release was intended to cover the subject action or claim. In this instance, the papers relied upon by the appellants fail to do so. They refer only to a construction site and project in Queens. However, they fail to mention the project and work site in Brooklyn, where, the plaintiffs allege, the plaintiff Imran Choudhry fell and sustained the injuries which are the gravamen of this complaint. Furthermore, contrary to the appellants' contentions, the papers they rely upon do reference, albeit obliquely, a wage claim by the injured plaintiff. Accordingly, the court properly denied that branch of the motion which was to dismiss the complaint insofar as asserted against M.A.C. based upon the purported release (*see Montgomery v Cranes, Inc.,* 50 AD3d 981 [2008]; *cf. Friends of Avalon Preparatory School v Ehrenfeld,* 6 AD3d 658 [2004]; *Used Boat Haven v Citibank,* 248 AD2d 610 [1998]).

The appellants' remaining contentions are without merit. Florio, J.P., Angiolillo, McCarthy and Dickerson, JJ., concur.