■ ROBERT KAPRALL, Respondent, v WE: WOMEN'S ENTERTAINMENT, LLC, et al., Appellants. [904 NYS2d 721]—

In an action, inter alia, to recover damages for breach of contract, tortious interference with contractual relations, and tortious interference with business relationships, the defendants appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Austin, J.), dated August 7, 2008, as denied those branches of their motion pursuant to CPLR 3211 (a) which were to dismiss the causes of action to recover damages for breach of contract, tortious interference with contractual relations, and tortious interference with business relationships insofar as asserted against the defendants Peggy Willenberg, Melanie Metz Trockman, and Upper-Midwest Storm Tours, LLC, and the cause of action to recover damages based upon quantum meruit/unjust enrichment insofar as asserted against the defendant WE: Women's Entertainment, LLC.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, a Minnesota-based creator and producer of television programs, entered into negotiations with the defendants Peggy Willenberg and Melanie Metz Trockman, who are Minnesota residents, and who own the defendant Upper-Midwest Storm Tours, LLC (hereinafter Storm Tours) (hereinafter collectively the Minnesota defendants), to produce a television series about tracking extreme weather. Willenberg and Trockman are known as the "Twister Sisters." Storm Tours provides guided tours to tourists who wish to follow storms and other extreme weather. The plaintiff approached the defendant WE:

Women's Entertainment, LLC (hereinafter WE), a New York corporation, about developing the series. In return for considering the plaintiff's idea, WE required him to sign a release stating that if WE developed a television program based on the "same or similar" idea as he presented, he would "have no interest in or claim thereon." WE did not develop the plaintiff's idea but, several months later, WE produced a series starring Willenberg and Trockman, which was the same or similar to the idea the plaintiff had proposed.

As a result, the plaintiff commenced this action to recover damages from the defendants for breach of contract, breach of implied covenant of good faith and fair dealing, tortious interference with contractual relations, tortious interference with business relationships, and based upon quantum meruit/unjust enrichment. The defendants moved to dismiss the complaint pursuant to, inter alia, CPLR 3211 (a) (1), (5) and (8). The Supreme Court granted those branches of the motion which were to dismiss the cause of action alleging breach of implied covenant of good faith and fair dealing as to all the defendants, and the cause of action to recover damages based upon quantum meruit/unjust enrichment as to the Minnesota defendants. The Supreme Court otherwise denied the defendants' motion. The defendants appeal.

"The meaning and scope of a release must be determined within the context of the controversy being settled" (*Matter of Schaefer*, 18 NY2d 314, 317 [1966]; *see Zichron Acheinu Levy, Inc. v Ilowitz*, 31 AD3d 756 [2006]), and a general release cannot be construed "to cover matters which the parties did not desire or intend to dispose of" (*Cahill v Regan*, 5 NY2d 292, 299 [1959]; *see Rotondi v Drewes*, 31 AD3d 734, 735-736 [2006]). Contrary to the defendants' contention, the plaintiff raised factual issues regarding the scope of the subject release based on the context and circumstances of its execution (*see generally Mangini v McClurg*, 24 NY2d 556, 563 [1969]; *Lefrak SBN Assoc. v Kennedy Galleries*, 203 AD2d 256 [1994]; *Perritano v Town of Mamaroneck*, 126 AD2d 623, 624 [1987]). Given the paucity of evidence in the record relating to this pre-answer motion, it cannot definitively be determined at this juncture whether the release was intended to cover the plaintiff's present claims (*see e.g. Rimberg & Assoc., P.C. v Jamaica Chamber of Commerce, Inc.*, 40 AD3d 1066, 1067 [2007]). Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (1) and (5) to dismiss the causes of action alleging breach of contract, tortious interference with contractual relations, and tortious interference with business relationships as to the Minnesota defendants, and

the cause of action to recover damages based upon quantum meruit/unjust enrichment as to WE as barred by a release (*see e.g. Ofman v Campos*, 12 AD3d 581 [2004]).

New York courts may exercise personal jurisdiction over a defendant who "transacts any business within the state or contracts anywhere to supply goods or services in the state" (CPLR 302 [a] [1]), even where that defendant has never physically entered the state (*see Parke-Bernet Galleries v Franklyn*, 26 NY2d 13, 17 [1970]), "so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted" (*Kreutter v McFadden Oil Corp.*, 71 NY2d 460, 467 [1988]). Here, the plaintiff satisfied his burden, at this stage of the litigation, of showing that this standard has been met (*see Fischbarg v Doucet*, 9 NY3d 375, 380 [2007]; *Deutsche Bank Sec., Inc. v Montana Bd. of Invs.*, 7 NY3d 65, 71 [2006]; *Crystal Cove Seafood Corp. v Chelsea Harbor, LLC*, 47 AD3d 670 [2008]; *Cornely v Dynamic HVAC Supply, LLC*, 44 AD3d 986, 986-987 [2007]). Moreover, exercising jurisdiction over the Minnesota defendants in the circumstances presented here would not be inconsistent with traditional notions of due process, fair play, and substantial justice (*see International Shoe Co. v Washington*, 326 US 310, 316 [1945]; *LaMarca v Pak-Mor Mfg. Co.*, 95 NY2d 210, 216 [2000]; *Opticare Acquisition Corp. v Castillo*, 25 AD3d 238, 248 [2005]). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (8) to dismiss the causes of action alleging breach of contract, tortious interference with contractual relations, and tortious interference with business relationships as to the Minnesota defendants for lack of jurisdiction (*see e.g. Shore Pharm. Providers, Inc. v Oakwood Care Ctr., Inc.*, 65 AD3d 623, 624 [2009]). Dillon, J.P., Balkin, Dickerson and Lott, JJ., concur. **[Prior Case History: 20 Misc 3d 1132(A), 2008 NY Slip Op 51702(U).]**

■ Gᴜʟsʜᴇɴ Kᴜʀᴛɪsʜɪ et al., Appellants, v Cᴇɴᴛʀᴀʟ Hᴜᴅsᴏɴ Gᴀs & Eʟᴇᴄᴛʀɪᴄ Cᴏʀᴘᴏʀᴀᴛɪᴏɴ, Respondent, et al., Defendant. (Action No. 1.) Gᴜʟsʜᴇɴ Kᴜʀᴛɪsʜɪ et al., Appellants, v Pᴀᴛʀɪᴄᴋ Pᴀɢᴇ et al., Defendants, and Asᴘʟᴜɴᴅʜ Tʀᴇᴇ Exᴘᴇʀᴛ Co., Respondent. (Action No. 2.) [903 NYS2d 531]—