■ Keith L. Storman, Appellant, v Glenn S. Storman, Respondent. [935 NYS2d 63]—

In February 2008, the plaintiff commenced this action, inter alia, to recover damages, in effect, for fraudulent inducement against the defendant, his brother. The first cause of action alleges, among other things, that the defendant fraudulently induced the plaintiff to sign a waiver and consent to admit the will of the parties' deceased mother to probate, and that the defendant fraudulently induced the plaintiff to sign a deed conveying to the defendant certain real property formerly owned by the parties' deceased mother.

Previously, on February 20, 2007, the plaintiff filed a pro se petition for a compulsory accounting in the Surrogate's Court against the defendant, as executor of the parties' mother's estate (hereinafter the accounting proceeding).

On April 24, 2008, the defendant moved, inter alia, pursuant to CPLR 3211 (a) (2) and (5) to dismiss the complaint on the grounds of lack of subject matter jurisdiction and collateral estoppel, and as barred by a release. In an order dated December 22, 2008, the Supreme Court, inter alia, in effect, held the action in abeyance pending a final resolution of the accounting proceeding, and granted the defendant leave to renew the undecided branches of his motion to dismiss.

By final decree dated October 20, 2009, the accounting proceeding was finally determined and the plaintiff's objections were dismissed. On February 23, 2010, the plaintiff moved in

this action for leave to enter a default judgment upon the defendant's failure to answer. The defendant cross-moved pursuant to CPLR 3211 (a) (5) to dismiss the first cause of action on the ground of res judicata and renewed those branches of his prior motion which were to dismiss the first cause of action on the ground of collateral estoppel and as barred by a release.

In the order appealed from, the Supreme Court, inter alia, denied the plaintiff's motion and granted those branches of the defendant's renewed motion which were pursuant to CPLR 3211 (a) (5) to dismiss the first cause of action on the ground of collateral estoppel and as barred by a release. The plaintiff appeals.

Under the circumstances, the Supreme Court properly denied the plaintiff's motion for leave to enter a default judgment against the defendant upon his failure to answer. Notably, the order dated December 22, 2008, did not set a deadline for the defendant to renew the undecided branches of his motion to dismiss and, furthermore, the defendant demonstrated both a reasonable excuse for the delay and the existence of a potentially meritorious defense.

However, as the plaintiff correctly contends, the Supreme Court erred in granting that branch of the defendant's renewed motion which was pursuant to CPLR 3211 (a) (5) to dismiss the first cause of action on the ground of collateral estoppel. "Collateral estoppel, or issue preclusion, 'precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party . . . , whether or not the tribunals or causes of action are the same' " (*Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 349 [1999], quoting *Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]). "The doctrine applies if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action" (*Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d at 349). "[C]ollateral estoppel effect will only be given to matters actually litigated and determined in a prior action" (*Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 456 [1985] [internal quotation marks omitted]). Here, the issue of whether the defendant committed certain fraudulent acts against the plaintiff was never determined in the accounting proceeding before the Surrogate's Court, and the plaintiff's participation in the accounting proceeding cannot be construed to be the kind of determination following a full and fair opportunity to litigate the issues that would be necessary to collaterally estop the plaintiff from establishing that the defend-

ant committed the fraudulent acts alleged in the first cause of action. Indeed, the Surrogate specifically found that the plaintiff's allegations of fraud did not relate to the issues that were the subject of the accounting proceeding.

Furthermore, the Supreme Court erred in granting that branch of the defendant's renewed motion which was pursuant to CPLR 3211 (a) (5) to dismiss the first cause of action as barred by a release. In support of that branch of his renewed motion, the defendant submitted a broad, general release executed by the plaintiff in November 2005, purporting to release the defendant from all claims. However, it cannot be definitively determined at this point that the scope of the release was intended to cover the allegations in the complaint (*see Kaprall v WE: Women's Entertainment, LLC*, 74 AD3d 1151, 1152 [2010]). Moreover, the allegations of fraud in the complaint are sufficient to support a possible finding that the release was signed by the plaintiff " 'under circumstances which indicate unfairness' " (*Farber v Breslin*, 47 AD3d 873, 877 [2008], quoting *Gibli v Kadosh*, 279 AD2d 35, 41 [2000]).

Accordingly, the Supreme Court should have denied those branches of the defendant's renewed motion which were pursuant to CPLR 3211 (a) (5) to dismiss the first cause of action on the ground of collateral estoppel and as barred by a release. Skelos, J.P., Leventhal, Belen and Roman, JJ., concur.