In an action, inter alia, to recover damages for breach of an insurance contract, the defendant appeals from an order of the Supreme Court, Nassau County (Murphy, J.), entered October 11, 2012, which denied its motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as barred by a release.
Ordered that the order is affirmed, with costs.
On April 19, 2010, a vehicle struck the plaintiff’s house, crashed through the bedroom wall, and came to rest on top of the bed in which the plaintiff was sleeping. At the time of the incident, the plaintiff was insured by the defendant under a Family Automobile Policy (hereinafter the policy) which included coverage for Supplementary Uninsured/Underinsured Motorists benefits (hereinafter SUM benefits). In or around June 2010, the plaintiff filed a claim with the defendant seeking the payment of SUM benefits for the injuries he sustained in the incident. On August 8, 2011, the claim went to arbitration. After a hearing, the arbitrator awarded the plaintiff $100,000, the full amount of SUM benefits available under the policy. On September 9, 2011, the plaintiff executed a document entitled “Release and Trust Agreement (Supplementary Uninsured and Underinsured Motorist Claim)” (hereinafter the Release and Trust Agreement). In April 2012, the plaintiff commenced this action, inter alia, alleging that the defendant breached the insurance contract by failing to investigate, bargain for and settle his claims for SUM benefits in good faith. The Supreme Court denied the defendant’s motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as barred by the Release and Trust Agreement. The defendant appeals.
“The meaning and scope of a release must be determined within the context of the controversy being settled” (Matter of Schaefer, 18 NY2d 314, 317 [1966]; see Kaprall v WE: Women’s Entertainment, LLC, 74 AD3d 1151, 1152 [2010]). Where a *663 release contains clear and unambiguous language, the signing of it is “a jural act binding on the parties” (Booth v 3669 Delaware, 92 NY2d 934, 935 [1998] [internal quotation marks omitted]; see Mangini v McClurg, 24 NY2d 556, 563 [1969]; Electronic Bankcard Sys. v Shiner, 305 AD2d 366, 368 [2003]). However, a release may not be read to cover matters which the parties did not intend to cover (see Cahill v Regan, 5 NY2d 292, 299 [1959]; Wechsler v Diamond Sugar Co., Inc., 29 AD3d 681, 682 [2006]; Stone v Aronwald & Pykett, 275 AD2d 706, 707 [2000]). Moreover, while a release may encompass unknown claims, it must be clear that the parties so intended by the use of broad, all-encompassing language (see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276-277 [2011]). Where a court cannot definitively determine whether the scope of a release was intended to cover the allegations in a complaint, a motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint must be denied (see Storman v Storman, 90 AD3d 895, 898 [2011]; Kaprall v WE: Women’s Entertainment, LLC, 74 AD3d at 1152).
Here, the Release and Trust Agreement did not contain broad, all-encompassing language but, in fact, contained language limiting its reach to compensation for personal injuries under the SUM Endorsement. The defendant contends that this action is barred by the Release and Trust Agreement because it arises out of the plaintiffs claim for compensation under the SUM Endorsement. However, it cannot be definitively determined at this juncture whether the scope of the Release and Trust Agreement was intended to cover the allegations in the complaint or whether its purpose was, among other things, to protect the defendant’s subrogation rights (see Storman v Storman, 90 AD3d at 898; Kaprall v WE: Women’s Entertainment, LLC, 74 AD3d at 1152; cf. Augello v Koenig-Rivkin, 56 AD3d 503, 503-504 [2008]).
The defendant’s remaining contentions either are without merit, are improperly raised for the first time on appeal, or have been rendered academic by our determination. Dillon, J.P., Chambers, Hall and Hinds-Radix, JJ., concur.