■ Vincent Mazzurco, Respondent, v PII Sam, LLC, et al., Appellants. [63 NYS3d 59]—

In an action, inter alia, to recover damages for breach of contract and unjust enrichment, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), entered July 13, 2016, as granted the plaintiff's motion for leave to reargue his opposition to their motion pursuant to CPLR 3211 (a) to dismiss the amended complaint, which had been granted in an order of the same court entered January 28, 2016, and, upon reargument, vacated the determination in the order entered January 28, 2016, granting their motion to dismiss the amended complaint, and thereupon denied the motion.

Ordered that the order entered July 13, 2016, is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to recover damages for, inter alia, breach of contract and unjust enrichment, based upon his alleged overpayment of money to the defendants on a mortgage loan secured against his property located in Elmhurst. The defendants, relying on a release executed by the plaintiff in a foreclosure action for a different property, moved pursuant to CPLR 3211 (a) (1) and (5) to dismiss the amended complaint. In an order entered January 28, 2016, the Supreme Court, among other things, granted the defendants' motion to dismiss the amended complaint. The plaintiff then moved for

leave to reargue his opposition to the defendants' motion to dismiss the amended complaint. In an order entered July 13, 2016, the court granted the plaintiff's motion for leave to reargue his opposition to the defendants' motion, and, upon reargument, vacated the determination in the order entered January 28, 2016, granting the defendants' motion, and thereupon denied that motion. The defendants appeal.

"In order to be entitled to dismissal of an action based upon a release, the movant must show that the release was intended to cover the subject action or claim" (*Choudhry v Five Star Contr. Cos., Inc.*, 52 AD3d 763, 764 [2008]; *see Friends of Avalon Preparatory School v Ehrenfeld*, 6 AD3d 658 [2004]). The " 'meaning and coverage of a general release depends . . . upon the purpose for which the release was actually given,' and a general release may not be read to cover matters which the parties did not desire or intend to dispose of" (*Huma v Patel*, 68 AD3d 821, 822 [2009] [citations omitted], quoting *Lefrak SBN Assoc. v Kennedy Galleries*, 203 AD2d 256, 257 [1994]; *see Kaprall v WE: Women's Entertainment, LLC*, 74 AD3d 1151, 1152 [2010]; *Zichron Acheinu Levy, Inc. v Ilowitz*, 31 AD3d 756 [2006]). If the recitals in the release appear to limit the release to only certain claims, demands, or obligations, the release will operate only as to those matters (*see Rotondi v Drewes*, 31 AD3d 734, 735 [2006]; *Kaminsky v Gamache*, 298 AD2d 361, 361 [2002]).

Here, the release at issue is ambiguous regarding whether the parties intended that it cover the claims alleged in the instant action. Moreover, the release did not "conclusively dispose[ ]" of the plaintiff's claims (*Fontanetta v John Doe 1*, 73 AD3d 78, 83 [2010] [internal quotation marks omitted]). Thus, the Supreme Court properly granted reargument and, upon reargument, properly denied the defendants' motion pursuant to CPLR 3211 (a) (1) and (5) to dismiss the amended complaint (*see Desiderio v Geico Gen. Ins. Co.*, 107 AD3d 662, 663 [2013]; *Kaprall v WE: Women's Entertainment, LLC*, 74 AD3d at 1152). Dillon, J.P., Austin, Hinds-Radix and LaSalle, JJ., concur.