Easie v Mohammed (2023 NY Slip Op 50584(U))

[*1]

Easie v Mohammed

2023 NY Slip Op 50584(U)

Decided on May 26, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 26, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : LISA S. OTTLEY, J.P., MARINA CORA MUNDY, LOURDES M. VENTURA, JJ

2022-472 K C

Berris Easie, Appellant,
against
Tanveer Mohammed, Respondent. 

Berris Easie, appellant pro se.
Tanveer Mohammed, respondent pro se.

Appeal, on the ground of inadequacy, from a judgment of the Civil Court of the City of New York, Kings County (Rachel Freier, J.), entered June 1, 2022. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $500.

ORDERED that the judgment is reversed, without costs, and the matter is remitted to the Civil Court for a new trial. 
Plaintiff, defendant's former tenant, commenced this action alleging, in a form complaint, damage to person, damage to property other than automobile, failure to provide proper services, failure to return property, failure to return deposit, failure to return money, failure to pay for services rendered, overpayment of rent, breach of contract and lease, loss of luggage, loss of property, loss of time from work, and loss of use of property, and seeking a total of $49,500 in damages. At a nonjury trial, a settlement agreement between the parties, dated December 18, 2021, was admitted into evidence, purporting to "settle any and all claims by either party," and providing that defendant was to pay plaintiff $2,000. It was undisputed that defendant paid plaintiff $1,100 of the settlement amount. Defendant testified that plaintiff broke the door to the premises and the court admitted into evidence a bill for the door repair in the amount of $732. The court admitted several dozen [*2]documents into evidence, many of which were undated, but some were dated after December 18, 2021 in apparent support of plaintiff's causes of action. During the trial, the court stated that the documents admitted into evidence were "all with regard to the matters that were dealt with in the settlement stipulation." In a decision dated June 1, 2022, the Civil Court found that plaintiff should be awarded $500, representing "a deduction of the full amount [owed to plaintiff pursuant to the parties' December 18, 2021] Agreement." A $500 judgment was entered on June 1, 2022. 
As the record demonstrates that the court did not consider evidence regarding plaintiff's claims allegedly accruing after the parties entered into the settlement agreement, we conclude that a new trial is required (see Rotondi v Drewes, 31 AD3d 734 [2006]; McMahan & Co. v Bass, 250 AD2d 460 [1998]). While we cannot consider dehors the record matters presented on appeal which might affect the scope of the settlement, plaintiff, if he be so advised, may present this evidence at the new trial. We note that, in any event, it appears that the judgment amount was not "warranted by the facts," because there was no clear basis in the record for an award in the amount of $500 (Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]). 
Contrary to defendant's argument, plaintiff's appeal was timely (see CPLR 5513;Rules of the App Term, 2d Dept [22 NYCRR] § 731.7 [b] [1]; [g]). 
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for a new trial. 
OTTLEY, J.P., MUNDY and VENTURA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 26, 2023