Balram v Fiyazuddeen

2026 NY Slip Op 02092

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Shaleta Balram, appellant,

v

Shaikh S. Fiyazuddeen, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2024-02341, (Index No. 707423/20)

Francesca E. Connolly, J.P.

Paul Wooten

Janice A. Taylor

Carl J. Landicino, JJ.

Liakas Law, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Paul H. Seidenstock, and Jillian Rosen], of counsel), for appellant.

Shafer Partners, LLP, New York, NY (Vincent A. Henry and Hannah Ashbrook of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered January 12, 2024. The judgment, upon an order of the same court entered January 5, 2024, inter alia, granting that branch of the defendant's motion which was for summary judgment dismissing the complaint, is in favor of the defendant and against the plaintiff dismissing the complaint.

ORDERED that the judgment is reversed, on the law, with costs, the complaint is reinstated, the order entered January 5, 2024, is vacated, and the matter is remitted to the Supreme Court, Queens County, for a new determination of the defendant's motion in accordance herewith.

On December 26, 2018, the plaintiff, who rented a house in Queens from the defendant, allegedly was injured when she tripped and fell on a staircase inside the house. In June 2020, the plaintiff commenced this action to recover damages for personal injuries against the defendant. Thereafter, the defendant moved for summary judgment dismissing the complaint or, in the alternative, pursuant to CPLR 3211(a) to dismiss the complaint. In support of the motion, the defendant argued, among other things, that the action was barred by a release in a stipulation of settlement (hereinafter the release) executed by the parties in a prior action brought by the plaintiff against the defendant for specific performance of a contract to purchase the property (hereinafter the specific performance action). The release provided that the plaintiff discharged the defendant from, inter alia, any liability or claims that the plaintiff had or may have "relating to the claims in the above-referenced lawsuit."

In an order entered January 5, 2024, the Supreme Court granted that branch of the defendant's motion which was for summary judgment dismissing the complaint based upon the release. The court did not address the other grounds raised by the defendant in support of that branch of his motion which was for summary judgment dismissing the complaint and, in effect, denied, as academic, that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint. On January 12, 2024, the court entered a judgment in favor of the defendant and against the plaintiff dismissing the complaint. The plaintiff appeals.

"'A valid release constitutes a complete bar to an action on a claim which is the subject of the release'" (Anthony v Firehock, 225 AD3d 655, 656 [internal quotation marks omitted], quoting Centro Empresarial Cempresa S.A. v AmÉrica MÓvil, S.A.B. de C.V., 17 NY3d 269, 276). "'In order to be entitled to dismissal of an action based upon a release, the movant must show that the release was intended to cover the subject action or claim'" (Mazzurco v PII Sam, LLC, 153 AD3d 1341, 1342, quoting Choudhry v Five Star Contr. Cos., Inc., 52 AD3d 763, 764). "The meaning and coverage of a release necessarily depends upon the controversy being settled and upon the purpose for which the release was given" (Chiappone v North Shore Univ. Hosp., 164 AD3d 463, 465). "While a broad general release will be given effect regardless of the parties' unexpressed intentions, such 'release may not be read to cover matters which the parties did not intend to cover'" (id., quoting Gale v Citicorp, 278 AD2d 197, 197). "If the recitals in the release appear to limit the release to only certain claims, demands, or obligations, the release will operate only as to those matters" (Mazzurco v PII Sam, LLC, 153 AD3d at 1342).

Here, the defendant failed to establish, prima facie, that the release was intended to preclude the plaintiff from recovering for any claims to recover for personal injuries based on an accident at the subject property, as the language of the release was specifically limited to liability "relating to the claims in the [specific performance action]" (see Chiappone v North Shore Univ. Hosp., 164 AD3d at 465; Apfel v Prestia, 41 AD3d 520, 521; Rotondi v Drewes, 31 AD3d 734, 736). Accordingly, the defendant was not entitled to summary judgment dismissing the complaint based upon the release, without regard to the sufficiency of the opposition papers on that issue (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).

In light of our determination, that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint, and the remaining grounds raised by the defendant in support of that branch of his motion which was for summary judgment dismissing the complaint, are no longer academic. Although the Supreme Court did not address whether the defendant was entitled to dismissal of the complaint pursuant to CPLR 3211(a)(5) based on the release, we deem it appropriate to so in the interest of judicial economy (see B & H Flooring, LLC v Folger, 228 AD3d 809, 812). On a motion pursuant to CPLR 3211(a)(5) to dismiss the complaint based on a release, "[a] defendant bears the initial burden of establishing that he or she has been released from any claims" (Burgos v New York Presbyt. Hosp., 155 AD3d 598, 600). Here, the defendant failed to satisfy this burden (see id.; Mazzurco v PII Sam, LLC, 153 AD3d at 1342).

The Supreme Court did not reach the remaining grounds raised by the defendant in support of his motion for summary judgment dismissing the complaint or, in the alternative, pursuant to CPLR 3211(a) to dismiss the complaint. We reverse the judgment and remit the matter to the Supreme Court, Queens County, for a new determination of the motion after considering those grounds (see Villaver v Paglinawan, 230 AD3d 533, 535-536).

CONNOLLY, J.P., WOOTEN, TAYLOR and LANDICINO, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court